## PELEG ALDRICH *vs.* PHILANDER AMES.

An oral promise, for a valuable consideration, to indemnify another from his liability as bail for a third person, is not within the statute of frauds.

SHAW, C. J. The case comes before us nominally as upon a bill of exceptions taken by the defendant at the trial in the court of common pleas; but the bill of exceptions has been so much modified by the consent of parties with special agreements, that it is in effect an agreed statement of facts, upon which the court is to enter judgment.

The case in substance is, that the plaintiff, at the request of the defendant, and for a valuable consideration, became bail for John A. Crehore, upon which the defendant promised the plaintiff to indemnify and save him harmless.

The ground of defence is, that this was an alleged promise of the defendant to pay the debt of another, and therefore that

the action cannot be maintained without an agreement in writing, because it is within the statute of frauds.

The court are of opinion that this ground is wholly untenable. This is a promise by the defendant to another, to pay his debt, or, in other words, to save him from the performance of an obligation which might result in a debt. But it is a promise to the debtor to pay his debt, and thereby to relieve him from the payment of it himself, which is not within the statute of frauds.

The theory of the statute of frauds is this ; that when a third party promises the creditor to pay him a debt due to him from a person named, the effect of such a promise is to become a surety or guarantor only, and shall be manifested by written evidence. The promise in such case is to the creditor, not to the debtor. For instance, if A., a debtor, owes a debt to B., and C. promises B., the creditor, to pay it, that is a promise to the creditor to pay the debt of A. But in the same case, should C., on good consideration, promise A., the debtor, to pay the debt to B. and indemnify A. from the payment, although one of the results is to pay the debt to B., yet it is not a promise to the creditor to pay the debt of another, but a promise to the debtor to pay his debt.

This rule appears to us to be well settled as the true construction of the statute, well confirmed by authorities. *Eastwood* v. *Kenyon*, 11 Ad. & El. 438 and 3 P. & Dav. 276. *Harrison* v. *Sawtel*, 10 Johns. 242. *Chapin* v. *Merrill*, 4 Wend. 657. *Chapin* v. *Lapham*, 20 Pick. 467. *Alger* v. *Scoville*, 1 Gray, 395.

*Exceptions overruled.*

*G. F. Hoar*, for the defendant, submitted the case without argument.

*P. C. Bacon*, for the plaintiff.