The Farmers' Bank of Missouri, Appellant, *v.* Thomas H. Bayliss, John W. Shotwell (Adm'r of the Estate of Jas. F. Hudgins, dec'd), William Hudgins, Henry C. Garner, Geo. F. Stewart, and Thos. L. Shaw, Respondents.

1. *Practice — Pleading — Causes of Action — Motion to strike out.* — Where a cause of action upon a note is united with a cause of action upon the consideration thereof, the defect must be reached by motion to strike out the surplus matter.

2. *Practice — Pleading — Causes of Action — Parties — Demurrer.* —Where a cause of action to which some of the parties are liable is united in the same count with a cause of action against other parties who are not liable upon the first cause stated, the defect may be reached by demurrer or motion in arrest of judgment.—G. S. 1865, ch. 165, § 6.

3. *Practice—Parties—Joinder—Judgment—Error.*—A joint judgment against several parties not jointly liable is erroneous, and the judgment will upon motion be arrested, or be reversed for error.

Farmers' Bk. of Mo. v. Bayliss et als.

4. *Practice—Motions for New Trial and in Arrest.*—Where motions for new trial and in arrest of judgment are filed upon the same day, it will be presumed that the motion for a new trial was first filed in order of time.

5. *Partnership — Action — Note.* — Where one of several partners executes a note in his own name for money borrowed, no action can be maintained against the firm for the consideration of the note, although the money may have been borrowed for the firm'and applied to partnership purposes. The money received upon the note will be treated as an advance to the firm by the partner executing the note, and not as a loan to the partnership. See S. C. 35 Mo. 428.

## Appeal from Fifth District Court.

The amended petition was as follows:

Plaintiff states that said plaintiff in the lifetime of the said defendant James F. Hudgins, deceased, to-wit, on the 25th day of December, in the year of our Lord 1862, at the special instance and request of the said defendant, loaned to the said defendants William Hudgins, James F. Hudgins and Thomas H. Bayliss, and said last named defendants then and there borrowed of and from the said plaintiff the sum of thirty-seven hundred dollars, to be paid by the said defendants to the said plaintiff six months then next after the date thereof; and plaintiff states that the said defendants William Hudgins, James F. Hudgins and Thomas H. Bayliss were then and there co-partners in trade and business under the name and style of Wm. Hudgins & Co., and that said sum of thirty-seven hundred dollars was so loaned by the said plaintiff and borrowed by the said Wm. Hudgins & Co. for the use and benefit of the said Wm. Hudgins & Co., and the same was received and used by the said Wm. Hudgins & Co. in their said firm and co-partnership business; and the said plaintiff says the money aforesaid was originally loaned to the said William Hudgins & Co. on the 27th day of January, A. D. 1858, and the note of James F. Hudgins and others given to secure the same, and that the said loan and note were renewed from time to time until the 25th day of December, A. D. 1862, on which last mentioned day the said loan and note were renewed and the note hereinafter mentioned was given, and that upon each renewal of said loan and note the said Wm.

Hudgins & Co. paid to the plaintiff the interest that had accrued upon said loan, and that the said Wm. Hudgins & Co. made the last payment of the interest upon said loan on the said 25th day of December, A. D. 1862; and since then, at different times, the said defendant Thomas H. Bayliss promised the plaintiff that the firm of Wm. Hudgins & Co. (of which he was a member) would pay to plaintiff the principal and interest of said loan and note. And the said plaintiff says that at the time of said loaning and borrowing, the said James F. Hudgins as principal and the said Henry C. Garner as his security, in consideration thereof and for the purpose of securing the payment thereof, executed their negotiable promissory note, dated on the said 25th day of December, A. D. 1862, for the said sum of thirty-seven hundred dollars, six months after the date thereof, to the order of George H. Stewart, who then and there endorsed the same to the order of Thomas L. Shaw, who thereupon endorsed the same to the order of the plaintiff, and then and there delivered the same to the plaintiff, which said note was payable at the Farmers' Bank of Missouri ; and the plaintiff says that on the 28th day of June, A. D. 1863, at the Farmers' Bank of Missouri, payment of the amount specified in said note was demanded of the said parties to said note, and the payment thereof was refused by the said parties to said note, and the said note was on the day and year last aforesaid duly protested, of which due notice on the day and year last aforesaid was given to the said parties to the said note, which said note is herewith filed and shown to the court here.

Plaintiff states that the said defendant James F. Hudgins departed this life on the 27th day of December, A. D. 1862, and that the said William Hudgins and Thomas H. Bayliss are the surviving members of the said firm of Wm. Hudgins & Co., and that the said defendant Thomas H. Bayliss as surviving partner, is administrator of the partnership effects of the late firm of Wm. Hudgins & Co., and that John W. Shotwell is the administrator of the estate of James F. Hudgins, deceased, duly qualified as such.

Plaintiff states that said sum of thirty-seven hundred dollars so loaned and borrowed as aforesaid, and so secured as aforesaid, and all the interest accruing thereon, is yet due to said plaintiff, for which it asks judgment.

The plaintiff asked the following instructions:

1. If the jury believe from the evidence that the firm of Wm. Hudgins & Co. borrowed from the plaintiff the sum of $3,700, and that the same was so borrowed for the use of the firm and was used by the firm of Wm. Hudgins & Co., the plaintiff is entitled to recover the money so borrowed and used by the firm from the members of the said firm of Wm. Hudgins & Co.; and if the note mentioned in the petition was given to secure the payment of the said sum of money so borrowed as aforesaid by said firm, then plaintiff may recover against the securities and endorsers on said note.

2. That the books of Wm. Hudgins & Co. showing that the sum of $3,700 so borrowed was used by the firm of Wm. Hudgins & Co., and that the interest on the same was paid by the firm, is evidence against the members of the firm that the firm recognized it as a firm debt.

3. It is immaterial whether, at the time the money was borrowed, the plaintiff knew that the firm of Wm. Hudgins & Co. were to receive and use the money, and be bound for the payment of the same or not, the plaintiff is entitled to recover of the firm of Wm. Hudgins & Co. if they did so borrow, receive and use the money.

4. The admissions of a member of the firm during the existence of the firm and in relation to the firm business are evidence against the members of the firm, and the admissions of a member of the firm after the dissolution of the partnership are evidence against the member so making such admissions.

To which the defendant Bayliss and Hudgins objected.

The defendants, Garner, Shaw, and Stewart, asked the court to give the following instructions:

1. If the jury find from the evidence that the defendant

Henry C. Garner became security upon the note mentioned in the petition, and that the defendants George H. Stewart and Thomas L. Shaw became endorsers upon said note upon the representation of the defendant Thos. H. Bayliss at the time he was a member of the firm of Wm. Hudgins & Co., and that the firm of Wm. Hudgins & Co. had borrowed the money and would pay the debt, the jury will find for the plaintiff against the members of the firm of Wm. Hudgins & Co. as well as against these defendants.

2. If the firm of Wm. Hudgins & Co. borrowed the money specified in the petition, the jury cannot find against the defendants unless they also find against the members of the firm of Wm. Hudgins & Co.

To which the defendants Bayliss and Hudgins also objected.

The defendants Bayliss and Hudgins asked the court to give the following instructions :

1. This suit, so far as the defendants William Hudgins and Thomas H. Bayliss are concerned, is for money loaned by the plaintiff to the defendants, said Hudgins and Bayliss and James F. Hudgins, composing the firm of Wm. Hudgins & Co.; and before the plaintiff can recover against said William Hudgins and Thos. H. Bayliss in this action, the jury must believe from the evidence that the money sued for was loaned by the plaintiff to said firm of Wm. Hudgins & Co.; and even though the jury may believe from the evidence that the money sued for was placed in the firm of Wm. Hudgins & Co. and was used by said firm, and even though said Bayliss may after such loaning have promised the administrator of James F. Hudgins, deceased, and other persons, to pay the said debt, or any note given therefor, or any note given in renewal, or any note given for said money so loaned, and though said Thos. H. Bayliss may have acknowledged that it was a firm debt of said Wm. Hudgins & Co., yet unless the jury further find that the original loan was made by said plaintiff to said firm of Wm. Hudgins & Co. and on their credit, the plaintiff cannot recover in this action.

2. No contract of loan could have been made by plaintiff and said firm except with the knowledge and consent of both parties to such contract ; and such a contract on the part of said firm must have been made by said firm, or by one of the members thereof in the name and on behalf of said firm.

3. If the jury believe from the evidence that the money sued for was loaned by the plaintiff to James F. Hudgins, and that at the time of such loaning the said James F. Hudgins gave his note with securities and endorsers to said plaintiff therefor, and that said note was renewed from time to time by Jas. F. Hudgins to said plaintiff until the note in the petition mentioned was given upon the last renewal, and that credit was given by said plaintiff to the parties on said note for the sum so borrowed; and though the jury may believe from the evidence that the money so borrowed by said Jas. F. Hudgins of plaintiff was placed in the firm of Wm. Hudgins & Co. and was used by the firm in their partnership business, even though said Bayliss may after such loaning of said money by plaintiff have promised the administrator of James F. Hudgins and other persons to pay said debt, or any note given therefor or in renewal thereof, and even though said Bayliss may have acknowledged said debt to have been a debt of the firm of Wm. Hudgins & Co., nevertheless the jury must find for defendants Bayliss and Wm. Hudgins in this action. Though the jury may believe from the evidence that the money sued for was loaned by plaintiff to the firm of Wm. Hudgins & Co., yet if the jury further believe from the evidence that at the time of loaning said money the plaintiff took as security for the payment thereof the individual note of James F. Hudgins with other persons as securities and endorsers, and that said note was from time to time renewed by the said Jas. F. Hudgins with other persons as securities and endorsers, then the plaintiff, by taking such note with security, in law discharged the other members of the firm from all liability on account of such loaning of said money to said firm, and relied upon their se-

curity so taken by such notes, and the jury must find for the defendants Bayliss and Wm. Hudgins in this action.

5. Any declaration made by Bayliss, after the original borrowing of this money by the said Jas. F. Hudgins, as to his liability or the liability of the firm of Wm. Hudgins & Co. to third persons, not to plaintiff in this action as to his liability for the debt or the firm liability, is not binding for want of consideration, for the further consideration and fact that the promise was not in writing.

To which the plaintiff and the defendants Garner, Shaw and Stewart objected.

The court, in lieu of all the aforesaid instructions, gave to the jury the following:

1. If the jury find from the evidence that plaintiff loaned to Wm. Hudgins & Co. (a firm composed of William Hudgins, James F. Hudgins, and Thomas H. Bayliss) the sum of $3,700, they will find the issue for the plaintiff; but if the jury do not find from the evidence that plaintiff did lend the sum of $3,700 to defendants Wm. Hudgins & Co. (a firm composed of William Hudgins, James F. Hudgins, and Thos. H. Bayliss), they will find for the defendants.

2. If the jury find from the evidence that James F. Hudgins was a member of the firm of Wm. Hudgins & Co., and that said Jas. F. Hudgins borrowed $3,700 of plaintiff upon the credit of said Wm. Hudgins & Co., and the credit further of the other defendants, they will find for the plaintiff; but if the jury find from the evidence that said Jas. F. Hudgins did not borrow said sum upon plaintiff's faith and credit extended to the firm of Wm. Hudgins & Co. and the other defendants, they will find for the defendants.

3. The jury are instructed that declarations made by a member of an existing firm touching its business will bind all the members thereof; and, therefore, if the jury find from the evidence that, at or before the date of the loan of $3,700 by plaintiff, any member of the firm of Wm. Hudgins & Co. declared to plaintiff that the sum was borrowed upon the

credit and for the use of said firm, then plaintiff is entitled to rely upon such declaration, and the finding must be for the plaintiff; but unless the jury find from the evidence that at or prior to said loan such declaration was made to plaintiff, or came to plaintiff's knowledge, and was relied on as a part inducement or reason for extending the credit to the firm, and that the credit accordingly extended to the firm of Wm. Hudgins & Co. and other defendants, the jury will find for the defendants.

4. The jury are instructed that declarations made by any member of the firm of Wm. Hudgins & Co. subsequent to the loan as to the debt being a firm debt, is evidence to be considered by the jury in determining the question whether or not the money was in point of fact borrowed by Jas. F. Hudgins upon faith and credit extended to the firm by plaintiff; and, accordingly, if the jury believe from the evidence, coupling subsequent declarations with other facts and circumstances proven, that Jas. F. Hudgins, at or prior to the borrowing, represented to plaintiff, or so represented so that it came to the knowledge of plaintiff, that said sum was to be borrowed on firm credit in part, and that upon the faith thereof credit was extended to the firm, then they will find for the plaintiff; but unless the jury believe from the whole evidence that said sum was borrowed upon faith and credit extended to the firm of Wm. Hudgins & Co., they will find for the defendants.

5. The jury are instructed that declarations made pending the existence of the firm, by any member thereof, prior to the signing of the note filed, to the securities and endorsers, that such note was on firm account, would bind the firm in any action between said firm and the makers, securities and endorsers of said note; and in this action if it appear to the jury from the evidence that said declarations by a member of the existing firm were also made to, or came to the knowledge of, plaintiff prior to the negotiation of the note, and that upon the faith of such declarations plaintiff extended credit in part to the firm of Wm. Hudgins & Co., the jury

will find for the plaintiff; but if it appear to the jury from the evidence that said or similar declarations were not made to or came to the knowledge of plaintiff, and that the plaintiff did not extend credit in part to said firm in consequence of such declarations, then the finding should be for the defendants notwithstanding any representations made only to securities and endorsers.

To the giving of which instructions by the court, and to the refusal by the court to give the instructions asked by Bayliss and Hudgins, defendants at the time excepted.

*Hall & Oliver*, for appellant.

I. A motion in arrest of judgment being filed precludes a motion for a new trial, and supersedes such a motion if already made. The record shows that a motion in arrest of judgment was filed in this case, and that afterwards a motion for a new trial; in other words, no motion for a new trial was filed at all in this case. A motion illegally filed is the same as not filed—20 U. S. Dig. 697, § 250; 18 id. 546, § 144; McComas v. State, 11 Mo. 117.

II. If no motion for a new trial be made in the court which tried the case, neither the action of the court in giving or refusing instructions or admitting or excluding evidence, nor of the jury in finding the verdict, will be considered by the Superior Court—Higgins v. Brant, 9 Mo. 497.

III. Under this view, the only matter before the court relates to the sufficiency of the facts stated in the petition to constitute a cause of action. The defendants waived all objections on the ground of a misjoinder of parties, or of actions, by answering the petition—R. C. 1855, p. 1231, § 10.

IV. The District Court decided that there is no evidence in this case against defendants Hudgins and Bayliss. Plaintiff insists that the evidence warrants the judgment of the Circuit Court—5 Pet. 137; S. Car. Bk. v. Corse, 8 Barn. & Cress. 427; 3 Kent's Com. 31; Sto. on Part. §§ 162, 137, 138; Farmers' Bk. v. Hudgens et als., 35 Mo. 440, 445; 22 Mo. 400; Bank v. Joy, 41 Me. 572.

V. If a partner make a simple contract for his firm in his own name, or if an agent make a simple contract for his principal in his own name, the partnership in the one case and the principal in the other are bound by the contract whether the partnership or principal are known or unknown to the other contracting party at the time of the contract—Sto. Ag. 160, (*a*) ; 22 Mo. 399.

VI. It is of no importance whether the petition in this case be founded on the note therein described, or on the original consideration. The question is, do the facts alleged in the petition and proved on the trial entitle plaintiff to judgment against defendants Wm. Hudgins and Bayliss ? The note executed by Jas. F. Hudgins for the money loaned by plaintiff was no payment of the debt created by the loan, and the note not having been paid, plaintiff is entitled to recover the money loaned—10 Wend. 271 ; 4 Carr. & P. 121 ; Sto. on Prom. N. § 404 ; Appleton v. Kennon, 19 Mo. 639 ; 5 Day, p. 511.

*Vories & Vories*, for respondents.

I. The petition attempts to set up two separate and distinct causes of action in one count, without stating them separately as the statute requires. One cause of action attempted to be set up is in the nature of a common count for money loaned, and is against the firm of Wm. Hudgins & Co. or the members who constituted that firm, and in the same count is joined a cause of action against the other defendants growing out of their liability as makers and endorsers of a negotiable promissory *note* to which the defendants Hudgins & Bayliss are not parties; and a joint judgment is rendered against all of the defendants, whether upon the note or otherwise does not appear—McCoy v. Yager, 34 Mo. 134 ; Clark's Adm'x v. Hann. & St. Jo. R.R. Co., 36 Mo. 202–15 ; Doan et al. v. Holly, 25 Mo. 357.

II. The petition does not state facts sufficient to constitute a cause of action against these defendants. It is shown by the petition that the credit was not given to these defend-

ants, but to James F. Hudgins and to his sureties and the endorsers of the note discounted by plaintiff at the several times named in the petition. See Emly v. Lye, 15 East. 7.

III. The first instruction given to the jury by the court submits the main question of law involved in the whole case to the jury. Whether Bayliss & Hudgins were in law to be considered borrowers of the money under the circumstances shown in the evidence, is purely a question of law to be decided by the court. To submit this question to a jury was erroneous—Hickey v. Ryan, 15 Mo. 62; 6 Mo. 273.

IV. The instructions asked for by the defendants ought to have been given : they contained the law applicable to the case. The question was, did the bank give credit to the firm of Wm. Hudgins & Co. in making the loan of money, or rather in discounting the note? This question was fairly presented to the jury by these instructions, and they ought to have been given—Farmers' Bk. v. Bayless et als., 35 Mo. 428; Sto. on Part. §§ 134–42; Jacques v. Marquand, 6 Cow. 497; 3 Kent, 41–4; 8 Pick. 411; 9 Mass. 119–21; Gow on Part. 154, & supp. 43; Coll. on Part. 458, 473 et seq., where the whole matter is fully discussed.

V. The discounting of a note by the bank in renewal or in the place of the original contract and note, with different makers and endorsers from those to the original contract, was a satisfaction of said original contract and note, and released the original parties from any further obligation in reference thereto, and the jury ought to have been so instructed—Yarnell v. Anderson, 14 Mo. 619; Burdick v. Gunn, 15 Johns. 247; Appleton v. Kennon, 19 Mo. 639; Arnold v. Camp, 12 Johns. 409.

Holmes, Judge, delivered the opinion of the court.

The case comes up by appeal from the District Court of the 5th District, in which the judgment obtained by the plaintiff in the Ray Circuit Court was reversed.

The petition must be regarded as stating a cause of action against the members of the firm of Wm. Hudgins & Co. for

money loaned to them by the plaintiff, and not as an action founded on the note. It contains but one count, and appears to have been framed with a view to maintaining the action both against the parties to the note, as upon a liability created by the instrument, and against the members of the firm, as upon a liability for money loaned to them. It is apparent that such causes of action were improperly united in the same count. This is not one of the causes of demurrer contemplated by the act concerning practice, and the error should have been corrected by a motion to strike out the surplus matters. No such motion was filed ; and in such case the irrelevant matters will be treated here as surplusage. The averments concerning the note and the parties thereto, looking to the instrument as the foundation of the cause of action, will therefore be considered as merely statements of matters of evidence, which might have been omitted in the pleading.

To the cause of action founded on money loaned to the firm, the defendants Garner, Stewart and Shaw were unnecessary and improper parties. A demurrer to the petition, for this reason, was filed by the defendants Hudgins and Bayliss; but it does not appear by the record what disposition was made of it, otherwise than as it appears that these defendants afterwards had leave to answer. The demurrer should have been sustained—Gen. Stat. 1865, ch. 165, § 6. The trial proceeded against all these parties, and a verdict and judgment were rendered against them all. This error was made the ground for a motion in arrest of judgment, which was overruled. We think it should have been sustained. There can be no doubt that such a judgment is erroneous.

It was insisted by the respondents that the record shows that the motion for a new trial was filed after the motion in arrest, and was impliedly withdrawn or wholly superseded, and that therefore the case must be considered here as if no motion for a new trial had been made. We do not agree to this view of the matter. The bill of exceptions shows that the motion for a new trial was filed first, and first disposed

19—VOL. XLI.

of. By an entry in the record it would appear that the motion in arrest was filed first, and then the motion for a new trial afterwards, on the same day ; and both motions were continued to the next term, and were finally disposed of together on the same day. It is true that the motion for a new trial comes first in the logical order of pleading, and when a motion in arrest has been made and overruled it will then be too late to file a motion for a new trial afterwards, for the motion in arrest presupposes and admits that the verdict was correct; and so it was held in McComas v. State, 11 Mo. 116 : but where both motions are filed together and are disposed of in their logical order, as in this case, we see nothing substantial in the objection.

The principal difference between this case as presented here on the merits, and the same case as it was presented in the Farmers' Bank v. Bayless et als., 35 Mo. 428, is in the form of the petition. In that case the note was declared on as the note of the firm. This suit is founded on the loan of money, which was the original consideration of the note; and the plaintiff seeks to establish by proof, that the money for which the note was given was a direct loan from the bank to this firm, and to hold the members of the firm liable upon the original consideration of the note. It was also argued, upon the theory on which the case seems to have been tried below, that they might also be held liable as parties to the instrument on the proof made that the note was executed by James F. Hudgins, the maker and one of the firm, by authority and in the name of the firm as their act, using the style of "James F. Hudgins" instead of their usual partnership name. Thus the plaintiff endeavors to avail himself of two distinct grounds of liability and two causes of action in one count. With reference to the evidence and the questions of law arising in the case, it would seem to be a matter of little importance which ground of liability was relied upon, for the evidence fails to sustain either view.

The state of the case is not materially changed, by the introduction of any new or further evidence, in this case, from

what it was before.    The law of the subject is carefully considered in the Farmers' Bk. v. Bayless et als., 35 Mo. 428, and we entirely agree with the conclusions there arrived at. It is not doubted that the note might be the note of the firm by one style as well as another, if it were distinctly proved that the firm had authorized it to be drawn and negotiated in that form, and that it was the act of the firm in that name; and if it were clearly proved to have been a loan of money made to the firm, they might be liable in this action.    The burden of proving these facts was on the plaintiff.    On the face of the note, it would be presumed to have been the note of the individual maker, and a loan of money made to him; and this presumption must be overcome by clear evidence that it was intended to be, and was in fact, a partnership style—an act of the firm, and a loan of money to the firm—Boyle v. Skinner, 21 Mo. 82.

The evidence fails to show that such was the nature of this transaction; on the contrary, it is made very clearly to appear that it was drawn and negotiated as the individual note of the partner signing it in his own name, and that the money was loaned on the credit of the parties to the note, and not on the credit of the firm; such appears to have been the understanding of all parties concerned.    It is conceded to be immaterial that the money, when obtained on the note, was applied to the use of the partnership; that would merely create an individual account between the partner and his firm. It is equally unimportant that the parties to the note and the members of the firm understood that the money was to be borrowed for the use of the firm, or was applied to the business of the firm, when they were all, at the same time, fully aware that the note was to be drawn and negotiated as the individual note of the maker and in his own name only; and they knew that the reason for this was, that it was supposed that the maker, being a director and a stockholder in the bank, could obtain the loan on better terms than the firm itself could do in their own name.    There was really no transaction whatever between the bank and the firm.    The

individual partner was not in that matter acting as the agent of the partnership but for himself; nor is it a matter of importance that the stock, which was really owned by the firm, stood in the individual name of this partner on the books of the bank for the very purpose of giving him an individual credit with the bank. With reference to the bank, it was simply a discount of the note on the credit of the parties to the instrument. The money was doubtless paid over, according to the usage of banks, to the last endorser and by him to the maker, for whose accommodation the other parties signed the paper and for whose benefit it was discounted; and by him, it must be supposed, the money was applied to take up the previous note, for the renewal of which the money had been borrowed. The previous note was thereby paid and extinguished, and there was an entire substitution of the new debt for the old one; and it matters not that the previous note was the actual consideration of the new one, and so back to the first and original note on which the money was actually obtained from the bank by the maker, and when obtained applied to the uses of the partnership. Nor can the admission of the other partners, by paying interest on renewals out of the partnership funds, or by stating that the money was designed for their benefit, or that they would see the note paid, have the effect to change the nature of the transaction. Their proper meaning would be only that they would provide the individual maker with funds to meet his obligations to the bank, and carry it to his individual account with the firm. If a recovery could be had against the members of the firm, the matter would still have to be adjusted between the partners in the partnership account; and if the endorsers on the note are obliged to pay it, they have their recourse upon the maker, for whom they are sureties, and he may have his account against his firm, to whose use he has applied the money.

These conclusions will so far determine the case that it will be unnecessary to examine the instructions in detail. It will be apparent that most of the instructions given by the court

were erroneous : they proceeded upon a theory that was not warranted by the state of the evidence, and several of them propounded questions of law to the jury.

The instructions refused for the defendants Hudgins and Bayliss were correct enough, and should have been given.

The judgment of the District Court reversing the judgment of the Circuit Court will therefore be affirmed, and the cause is remanded to the Circuit Court. The other judges concur.