## Mathias Goetz

### vs.

### Andrew Foos.

A promise made to the debtor to answer for his debt to another, is not within the statute of frauds.

Sufficiency of findings of fact, as to the consideration and making of a promise, considered.

This action was commenced in the District Court for Carver county, and was tried before the court, without a jury. The Court found for the plaintiff, and judgment was entered in his favor. The defendant appeals to this Court. The findings of the Court below, so far as material, appear in the opinion of the Court.

BAXTER & SARGENT, and I. V. D. HEARD for Appellant.

WARNER & PECK for Respondent.

*By the Court*—BERRY, J.—The finding of the Judge before whom the action was tried below, so far as it is material to be considered here, is as follows: " I find for facts, that the plaintiff and defendant were in partnership in the manufacture of brick; * * that * * the plaintiff agreed to sell his interest in the * * brick yard and fixtures connected therewith, for the sum of two hundred dollars, the defendant to assume the debts and liabilities existing against said firm. * * That prior to said sale and transfer, one Henry Sauerbrey had turned out to said plaintiff a horse, at the price of $70, for which he was to receive payment in brick from said yard; that the said Sauerbrey did not obtain payment in brick therefor, but the said plaintiff has paid him for the same; that the said firm did not receive the avails of said horse, nor was he made part of the partnership property, but before the consummation of said sale and transfer of the said brick yard, the said plaintiff required as one of the conditions of executing and delivering the writing conveying the said brick yard, that the said defendant should pay the said debt to said Sauerbrey; and the said defendant gave said plaintiff to understand that he would

pay the same, and thereupon the plaintiff completed said transfer, relying upon defendant's undertaking to pay the same. I find as a conclusion of law that the defendant is liable to plaintiff in this action for the said sum of seventy dollars, with interest," &c. The evidence upon which this finding is based is not returned here. The appellant, who was defendant below, insists first, " that the promise of the defendant to pay the debt due from the plaintiff to Sauerbrey, (if any such promise was made,) not being in writing, is within the statute of frauds, and therefore void." The point is not well taken. The debt in this case was owing by the plaintiff to Sauerbrey, and the promise to pay it was made not to Sauerbrey, but to the plaintiff. A promise of this character is not within the provisions of the statute of frauds relating to promises " to answer for the debt, default or doings of another." This provision applies only to promises made to the persons to whom another is liable. *Eastwood vs. Kenyon*, 11 *Ad. & E.*, 446; *Barker vs. Bucklin*, 2 *Denio*, 60 ; *Alger vs. Scoville*, 1 *Gray*, 391; *Perkins vs. Littlefield*, 5 *Allen*, 371.

The appellant insists, secondly, that there was no consideration for the alleged promise ; and, thirdly, that there was no promise to pay the debt. But whatever might have been the original agreement between the parties, it appears to be found by the court below, that before the consummation of the sale, and transfer of the brick yard and fixtures, the payment of the debt was required by the plaintiff, as a condition of executing and delivering the instrument by which the transfer was evidenced. That is to say, the plaintiff insisted on making a new bargain, and if the defendant saw fit to assent to it before the sale was consummated and the property transferred, the sale and transfer of the property, and the execution of the proper

evidence thereof, would furnish a sufficient consideration.

It is further found, that the defendant gave the plaintiff to understand that he would pay the Sauerbrey debt ; that the transfer . was completed by the plaintiff, in reliance upon this " undertaking " on the part of the defendant. This shows a sufficient promise. These are the only points to which our attention is called by the appellant; and, as we think them untenable, the judgment is affirmed.