Campbell, J.:
Brown recovered judgment against Potter upon a claim that Potter had failed in the performance of an undertaking to become co-signer' of a note and to pay the note at maturity, in consideration of which promise Brown signed it.
The note was a joint and several note signed by Brown with two other makers, Thomas Shively and H. J. Maynard, dated at Charlotte, June 2, 1874, and payable in ninety days, at the First National Bank of that place, to the order of the cashier. Brown had to pay it after judgment.
The object of the note was to raise money for the machinery of a mill which Shively was building, and in aiding which all the parties took an interest and had done some work and furnished some means. The case made out by the declaration was, that Potter desired to raise a loan of two thousand dollars and promised Brown if he would sign the note that he, Potter, would sign it also, and pay it, both of which he failed to do. A history of various subsequent transactions between Potter and Shively is set forth, the bearing of which on the issue we have not discovered. The declaration shows suit, judgment and satisfied execution against Brown.
The most important questions seem to relate to the statute of frauds, — it being claimed that the debt was Shively’s, and that the promise, being one to pay or be responsible for the debt of another, should have been in writing.
It does not appear, either in the pleadings or proofs, that Shively had requested Brown or Maynard to sign this note, or that any one had made the request but Potter. There is evidence to show that the money was intended to be used for Shively’s benefit, and to pay his debt. But the declaration avers that the loan for which the note was to be given was on behalf of Potter and not of Shively, and if this case should be made out, then the note itself, *coneerning which the controversy arises, was not Shively’s debt any more than that of Brown and Maynard. The fact that Potter might use the money for Shively’s benefit would not make it any the less Potter’s money, and the ultimate purpose to which it was to be applied could not control. The *265 •debt was a debt to the Charlotte National Bank, and neither Brown nor Maynard would be made thereby entitled to indemnity from Shively if he was not principal debtor. That is not the case made by the declaration.
The proof, so far as this point is concerned, is not such as to change this rule. The note was a new debt created to borrow money of the bank. The money was to go into Potter’s hands to complete a work which they all took an interest-in, and Potter was to obtain security in his own name, and for his own benefit, for this and other advances. The note was, then, in any event, to be used for raising money which Potter was to receive and advance as his own to Shively. Shively, if he and Potter had signed such a note together to raise money which he was thereafter to borrow of Potter, would not, as between himself and Potter, be the principal debtor on any thing but the -subsequent loan.
No case which could be made out without a variance from the declaration would bring the alleged promise of Potter within the condition of a promise to pay the debt of another.
But assuming this to be the legal condition of affairs, if the promise should be made out, there are other grave questions arising upon the pleadings and rulings.
The declaration is framed on the theory that the action should be an action on the ease, and the cause was tried on Brown’s behalf on that basis, and was so put to the jury. The incidents of actions on the case differ from those in assumpsit in some important respects, and especially concerning joinder of parties and set-offs.
The gist of the present action is the failure of Potter to pay a note which he is said to have agreed to pay. The '^damages recoverable against him are such as he would have been responsible for by reason of the non-payment, whereby the creditor was induced to proceed against Brown. The failure to sign the note led to no other result. Signing alone, unless under a promise to pay, would not have made him responsible except for contribution, unless the transaction was for his benefit as alleged. In such case the liability to repay Brown would only have been implied, but the result *266 of it would have been the same as in case of the express promise to do so. The case is, therefore, in whatever light it is viewed, one to compel Potter to make Brown good for money paid to his use at his request. We can see nothing in the case to make it ground for anything but an action of assumpsit. There are no peculiar or incidental mischiefs which would give occasion for any relief distinct from what would be proper in assumpsit.
Whether the action lay in assumpsit or case, the declaration must in either event be substantially the same in setting forth the contract and the breach, out of which the claim for damages arose. The present declaration sets out plainly enough a contract and the breach of it, and shows in what manner Brown was damnified by being compelled to pay the demand himself under legal compulsion. But it contains also a considerable amount of other matter which is not directly pertinent. This, however, is not important one way or the other, as it does not. change the contract.
The fact that the note is joint and several, removes some difficulties concerning the non-joinder of other parties. Where the parties indemnified become liable jointly and severally,, and one pays the whole debt, the indemnity may properly be regarded as corresponding to the debt, and to be to the parties severally as well as jointly.
But we think the court below erred in not giving force to the variance in proof. As we read the testimony introduced by Brown below, there was no evidence tending to show a promise to pay the note at maturity. The testimony throughout shows no more than an agreement to ^'provide for the note out of a future loan, to be secured by mortgage to the amount of nine thousand dollars, which was to be raised for the purpose of finishing the mill. The testimony does not tend to show any agreement to provide for the debt at any other time or in any other way. Whether this was to be done before or after the maturity of the note, does not appear, and it is doubtful whether any time was fixed in the minds of the parties. If such was the agreement, it might depend upon other circumstances whether the *267 note was expected to be Potter’s sole obligation for his own purposes, or a transaction on joint. account for which he was to make provision out of the future loan. His signature to the note, unexplained, would be consistent with the latter, and evidence would be required to give it a different effect.
The court refused to charge that this variance was fatal. The defendant below asked a charge as follows:
“Proof that Potter agreed to raise money for the completion of the mill, and to take his security upon the mill, and that when he raised that money he would pay this note, or proof that Potter agreed that in such event he would take care of the note when due, or that he would guaranty said note, or endorse the same, would, in either case, be a fatal variance from the contract alleged in the declaration, and the plaintiff cannot recover in this case.”
The court not only refused this charge, but put the case to the jury on a basis which made the correct description of the contract quite immaterial. The jury were, upon this head, in connection with the refusal, charged as follows:
“If you find that Mr. Potter did agree to pay or take care of the note, but that he only agreed to do so in case he should raise nine thousand dollars on the mill, when finished, then the promise alleged, in the declaration is variant from the proof, and this action must fail because the declaration has not stated enough. On the other hand, if the declaration states a matter of surplusage, that is beyond the 'necessary proof to sustain the action, that will not be *fatal, if it does not prejudice the defendant by rendering it uncertain •as to what transaction the declaration refers to. For illustration, in this case the allegation in the declaration that the defendant promised to sign the note as one of the makers, or to endorse it, and it turns out that he only agreed to take care of the note, or to save the other parties harmless, the superfluous allegation that he agreed to sign or endorse it will do no harui unless it appear that there was another transaction which had those features lacking in this.”
We do not very clearly comprehend the latter clause of the charge. If it is intended to explain that where a complete *268 verbal contract is made out creating a distinct cause of action, the failure to prove additional elements,which would not have changed this liability, is such avariance as will not necessarily be fatal, that doctrine may be correct. But it is certainly clear that without an amendment a case must necessarily fall unless the declaration sets forth correctly the actual ground of recovery. If Potter had been proven to have simply agreed to become a co-signer or endorser of the note in question, and no further proof was made, it might have been very material to know the precise thing which he agreed to do, as his whole liability might, under some circumstances, have turned upon it, and it might have affected the damages. If not shown by the proof to have been for his own benefit, the result of different forms of promising might be quite different. But here the matters which were held to be surplusage were so held in view of an alternative which was not proven at all as alleged. There was no proof of an agreement to take care of the note or to save the signers harmless except under qualifications.
The charge concerning the absolute character of the promise is also entirely outside of the request, which was based on proof, and which the defendant had a right to present distinctly to the jury. He might very properly have been less specific and asked a charge that plaintiff could not recover on this branch of the case; but as there were two ^branches of the contract, the request was made with more fairness, so that there might be room for amendment.
The points on which defendant asked a charge were upon three theories, to meet the different statements of witnesses. One was the theory that Potter positively agreed to raise money and take security and pay the note when he raised it. The second was that in case he raised the money he would take care of the note when due. The third was that he would guaranty or endorse the note.
The only case which the court informed the jury would create a variance was, if Potter only agreed to take care of the note in case he raised the nine thousand dollars. The equally important alternative, of a positive agreement to raise *269 tbe money and pay the note ont of it when raised, was disregarded, as were the other conditions before referred to. The question of the time when the note was to be paid, if paid at all, was as material as any other, and there is a serious difference between an agreement to pay a note when due, and one to provide for it in a specific way or out of a certain fund, at a definite or indefinite time in the future.
We think the case was not properly submitted to the jury, and that the judgment must be reversed, with costs, and a new trial granted.
The other justices concurred.