Stearns *et ux. v.* Irwin, Administrator.

---

STEARNS ET UX. *v.* IRWIN, ADMINISTRATOR.

PRINCIPAL AND SURETY.—*Action by Surety Against Principal.*—Before a
surety can recover of his principal because of his suretyship, he must first
have paid the debt of his principal or some part thereof.

SUPREME COURT.—*New Trial.— Truth of Alleged Error.*—The truth of mat-
ter alleged as ground for a new trial must appear by the record, to make
the overruling of such motion available as error, in the Supreme Court.

From the Franklin Circuit Court.

*F. Berry, W. Morrow* and *N. Trusler,* for appellants.
*F. S. Swift* and *B. F. Davis,* for appellee.

NIBLACK, J.—This was an action by Thomas Irwin, ad-
ministrator of the estate of Azariah T. Irwin, deceased,
against Adam C. Stearns and Mariah J. Stearns, his wife,
to foreclose a mortgage executed by them on a tract of
land, to secure the payment of a promissory note given by
the said Adam C. Stearns to the said Azariah T. Irwin, for
one thousand seven hundred dollars.

The defendants answered in four paragraphs, each ad-
mitting the execution of the note and mortgage, but setting
up matters in avoidance.

The first paragraph, that five hundred dollars of the
consideration of the note and mortgage was, by agreement
of parties, held by the said Azariah T. Irwin as collateral

security, to secure him, said Irwin, on account of his being surety for that sum to one Thomas Osborn for the said Adam C. Stearns, and that the said Azariah T. Irwin had never paid said sum of five hundred dollars, or any portion thereof.

The second paragraph was an answer of payment in full, except as to five hundred dollars of the note, which was alleged to be without consideration.

The third paragraph set up that a part of the consideration of the note was, that the said Azariah T. Irwin was to become surety for the said Adam C. Stearns for the sum of five hundred dollars, which he failed to do; wherefore it was alleged that the consideration of said note, as to five hundred dollars, had failed.

The fourth paragraph alleged full payment of the note, before the commencement of the suit.

The plaintiff replied in denial of each paragraph of the answer.

A trial by a jury resulted in a verdict for the plaintiff for nine hundred and seventy-eight dollars and fifty cents, and, over a motion for a new trial, a judgment was rendered against the defendant Adam C. Stearns, on the note, for the amount of the verdict, and a decree of foreclosure entered against both the defendants, on the mortgage.

The appellants complain in this court, that the court below, on the trial, charged the jury, in substance, that the appellee was entitled to recover the five hundred dollars surety debt, referred to in the appellants' answer to the action, without having first paid said debt or in any other way discharged the appellant Adam C. Stearns therefrom. In other words, that a surety can recover of his principal the debt for which he is surety, without having first paid the debt, or otherwise having discharged the principal from it, and that is the only objection urged here to the proceedings below by the appellants in their brief.

No particular instruction is indicated as containing the legal proposition above complained of, and we are unable to find any such an instruction in the record. We have examined all the instructions—nine in number—given by the court on the trial, and we find none of them obnoxious to the objection urged by the appellants. On the contrary, one of the instructions held, and correctly held, the law to be as insisted upon by the appellants; that is to say, that before a surety can recover of his principal, because of his suretyship, he must first have paid the debt, either in whole or in part.

There has been, therefore, apparently, some misapprehension, on the part of counsel, as to what the record contains.

We see no error in the record.

The judgment is affirmed, with costs and five per cent. damages.