ALICE A. MINICK v. EDWARD T. HUFF ET AL.

FILED JUNE 26, 1894.    No. 5422.

1. **Review**: ERROR PROCEEDINGS: FAILURE TO POINT OUT ER-
   ROR. It is no part of the duty of this court to search a record
   for the purpose of ascertaining if there is error in it. On the
   other hand, every reasonable presumption will be indulged in
   favor of the correctness of the judgment of a district court, and
   any ruling of that court, alleged to be erroneous, must be spe-
   cifically pointed out to be reviewed here.

2. **Principal and Surety.** Before a surety can recover of his
   principal, because of his suretyship, he must first have paid the
   debt of his principal or some part thereof.   *Stearns v. Irwin*, 62
   Ind., 558, followed.

3. **New Trial**: JOINT MOTION: REVIEW.   The rule of this court
   is that a motion for a new trial is indivisible, and when made
   jointly by two or more parties, if it cannot be allowed as to all
   it must be overruled as to all.   *Dorsey v. McGee*, 30 Neb., 657,
   followed.

4. **Statute of Frauds**: PROMISE TO ANSWER FOR DEBT OF AN-
   OTHER.   The verbal promise of A to B to indemnify him if he
   will become surety for C for a debt of the latter to D is not a
   promise on the part of A to answer for the debt of C, within
   the meaning of subdivision 2, section 8, chapter 32, Compiled
   Statutes, 1893.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*W. Henry Smith*, for plaintiff in error.

*J. E. Philpott, contra.*

RAGAN, C.

Alice A. Minick sued Edward T. Huff and Marilla
B. Hubbell in the district court of Lancaster county. In
her petition she alleged two causes of action, the substance
of which are:

First Cause of Action.—That on the second of November, 1888, Mrs. Hubbell was conducting a hotel in Lincoln and owned the furniture therein; that Huff had a chattel mortgage on such furniture; that Huff and Hubbell were receiving about $200 per month income from the hotel, and in order that Huff might continue to receive such income Mrs. Minick, at the request of Huff and Hubbell, became surety for Mrs. Hubbell on a note she executed on that date to one Southwick for the sum of $500, said Huff and Hubbell promising Mrs. Minick that if she would become surety on said note that they, Huff and Hubbell, would pay said note at maturity without trouble or damage to Mrs. Minick; that Mrs. Minick, relying on the promises of Huff and Hubbell, signed as surety for Mrs. Hubbell her note to Southwick; that said note was not paid at maturity; that Southwick had reduced the same to judgment and she, Mrs. Minick, had been compelled to pay the same, to her damage in the sum of $550 and interest.

Second Cause of Action.—That on the 22d day of January, 1889, Mrs. Hubbell was conducting a hotel in Lincoln and owned the furniture therein; that Mr. Huff owned a chattel mortgage on said property; that Huff and Hubbell were in receipt of a monthly income from said hotel of about $200, and in order that said Huff might continue to receive said income from said hotel, Huff and Hubbell requested Mrs. Minick to become surety for them on a note made by them on that date to one Southwick for $1,500, said Huff and Hubbell promising Mrs. Minick that if she would sign as surety their note to Southwick that they would pay said note at maturity without costs or damage to Mrs. Minick; that relying upon said promises Mrs. Minick signed as surety the note of Huff and Hubbell to Southwick; that said note was not paid at maturity; that she, Mrs. Minick, had been sued on said note and was liable to have judgment rendered against her

at any time thereon, and to have her property exposed to execution for the payment of such judgment, to her damage in the sum of $1,500.

The answer of Mrs. Hubbell, so far as material here, was that she was the principal debtor in both of the notes made to Southwick; that Mrs. Minick was her surety on both of said notes; that Huff was also a surety on the $1,500 note; that at all the times mentioned in plaintiff's petition she was the owner of the hotel furniture, and that Huff held a chattel mortgage thereon; that the $500 note had been reduced to judgment and that Mrs. Minick had paid the same; that the $1,500 note had also been reduced to judgment against herself as principal and Mrs. Minick and Mr. Huff as sureties, and that Mrs. Minick had not paid said judgment, nor any part thereof.

The answer of Huff, so far as the same is material here, was, in substance, that at all the times mentioned in plaintiff's petition he held a chattel mortgage upon the hotel furniture of Mrs. Hubbell, and a general denial of all the other averments of Mrs. Minick in her first cause of action; that he signed the $1,500 note as a co-surety with Mrs. Minick for Mrs. Hubbell; that said $1,500 note had been reduced to judgment against Mrs. Hubbell as principal and Mrs. Minick and himself as sureties, and that no part of said judgment had ever been paid; and a general denial of all the other averments of Mrs. Minick in her second cause of action.

The case was tried to a jury and a verdict rendered against Mrs. Hubbell and Mr. Huff in favor of Mrs. Minick on her first cause of action. From the judgment pronounced on this verdict both parties prosecute proceedings in error here.

We will first dispose of the petition in error of Mrs. Minick. The errors alleged by her are:

" 1. The court erred in refusing the instructions prayed for on behalf of the plaintiff in the first, second, third,

fourth, fifth, sixth, seventh, and eighth sections thereof. (Transcript, pp. 1–13.)" An examination of these instructions discloses the fact that at least one of them ought not to have been given, and as the error alleged is that the court erred in refusing to give all of them, the assignment of error must be overruled.

"2. The court erred in refusing additional instructions by plaintiff as per paragraphs 1 and 2 (Transcript, 18)." What has already been said disposes of this assignment.

" 3. The court erred in refusing and admitting evidence for and against the plaintiff as per bill of exceptions, pp. 22, 33, 34, 35, 40, 44, 46, 55, 56, 57, 58, 59, 69, 71, 72, 75, 89, 117, 118, 119, 124, 125, 126, 129, 130, 139, 140, 143, 144, 148, 149, and as per numbered exceptions on the respective pages aforesaid from 1–42." This is not a specific assignment of error. It is equivalent to saying to this court that it will find in the record on the pages mentioned certain rulings of the district court which the plaintiff in error thinks were erroneous. It is no part of the duty of this court to search a record for the purpose of ascertaining if 'there is any possible error in it. On the other hand, every reasonable presumption will be made in favor of the correctness of the judgment of a district court; and any ruling of that court alleged to be erroneous must be specifically pointed out here in order to have it reviewed.

"4. The court erred in giving paragraph No. 6 of the instructions given to the jury by the court on its own motion." The instruction is as follows: "6. If, from the evidence, you find upon the said second cause of action that plaintiff signed the note therein mentioned, with these defendants, for the sum of $1,500; and if you find from the evidence that said note was sued and judgment obtained thereon against the defendant Hubbell, as principal, and the plaintiff and the defendant Huff as sureties; and if you find from the evidence that defendants Huff and Hubbell undertook · and faithfully promised and guarantied

the plaintiff herein, in consideration of her signing said $1,500 note, that said defendants, or one of them, would pay or cause to be paid said note without trouble, delay, cost, or damage to the plaintiff, then you are instructed that plaintiff would be entitled to recover herein from defendants herein the amount of said judgment, if any, with interest thereon and costs of suit, as shown by the evidence; provided you further find from the evidence that the plaintiff herein has paid or secured the payment of said $1,500 note or the judgment, if any, obtained thereon." The evidence is undisputed that the $1,500 note had been reduced to judgment against Mrs. Hubbell as principal and Huff and Mrs. Minick as sureties, and that Mrs. Minick had not paid said judgment, nor any part thereof. The court, then, did not err in giving this instruction. The theory of counsel for the plaintiff in error is, that since the evidence showed judgment had been rendered against Mrs. Minick for the amount of $1,500, and that such judgment had become a lien upon her property, that she was entitled to recover the amount of the judgment, interest, and costs before she paid it. This is not the law. Before a surety can recover of his principal, because of his suretyship, he must first have paid the debt of his principal, or some part thereof. (*Stearns v. Irwin*, 62 Ind., 558; *In re Estate of Hill*, 67 Cal., 238.) If Mrs. Hubbell was the principal on the $1,500 note and Huff and Minick were co-sureties, then neither one of them would have a right of action against Mrs. Hubbell, by reason of their suretyship, until they had paid the debt for which they were surety, or some part thereof. If Hubbell and Huff were both principals and Mrs. Minick was their surety, then she would have no cause of action against either of them until she had paid the debt, or some part thereof. The argument of counsel for Mrs. Minick is that the promise made to his client by Hubbell and Huff was, in effect, to save and keep her harmless by reason of signing the $1,500 note; that they

have not done so, and therefore Mrs. Minick's cause of action against them is complete. The answer to this is that Mrs. Minick in her petition does not aver, nor in her evidence does she prove, that she has been put to any expense or costs whatever by reason of the failure of Huff and Hubbell to keep their promise. It is doubtless true that the promise pleaded against Huff and Hubbell is one of indemnity; that by it they, in effect, did promise to save and keep Mrs. Minick harmless from all damages; and if it appeared that Mrs. Minick had been put to any costs or expense whatever by reason of the failure of Huff and Hubbell to keep their promise of indemnity, I have no doubt she would be entitled to recover the damages sustained, whether she had in fact paid the judgment rendered on the note which she had signed as surety. (*Powell v. Smith*, 8 Johns. [N. Y.], 248.) There is no error in this record of which Mrs. Minick can complain.

We now direct our attention to the error proceedings of Huff and Hubbell. Their assignments of error are as follows:

"1. The court erred in excluding the evidence as offered by plaintiffs in error, being the offer taken by the reporter in open court on the trial." This assignment is too indefinite for consideration. We will not search the record for the purpose of ascertaining the location of an alleged error. Parties complaining of an error must specifically point it out.

"2. The court erred in refusing to give instructions Nos. 1, 2, 3, 4, 5, 6, and 7 asked by plaintiffs here." There are no such instructions in this record.

"3. Errors of law occurring at the trial, duly excepted to." This is a sufficient assignment in a motion for a new trial, but is too indefinite as an assignment in a petition in error.

"4. The verdict is not sustained by sufficient evidence." The undisputed evidence in the record is that Mrs. Hubbell

was the principal on the $500 note, and that Mrs. Minick was her surety thereon; that such note had been reduced to judgment against Mrs. Hubbell as principal and Mrs. Minick as surety, and that such judgment had been paid by Mrs. Minick. There can then be no doubt but that the evidence sufficiently sustains the verdict and judgment as against Mrs. Hubbell. Mrs. Hubbell and Mr. Huff filed a joint motion for a new trial; the first ground of which was that "the verdict is not supported by sufficient evidence." The rule of this court is that a motion for a new trial is indivisible, and when made jointly by two or more parties, if it cannot be allowed as to all it must be overruled as to all. (*Long v. Clapp*, 15 Neb., 417; *Real v. Hollister*, 17 Neb., 661; *Boldt v. Budwig*, 19 Neb., 739; *Dunn v. Gibson*, 9 Neb., 513; *Dutcher v. State*, 16 Neb., 30; *Wiggenhorn v. Kountz*, 23 Neb., 690; *Dorsey v. Mc-Gee*, 30 Neb., 657.) We adhere to the rule announced in these cases. The assignment of error is that the verdict rendered against Huff and Hubbell is not supported by sufficient evidence. There is no assignment of error on the part of Huff alone that the verdict against him is not supported by sufficient evidence; and where two or more parties jointly assign as error that a verdict rendered against them is not supported by sufficient evidence, if the evidence supports the verdict rendered against either of them, the assignment of error will be overruled.

5. The final assignment is that the verdict and judgment are contrary to law. The uncontradicted pleading and proof, so far as Mrs. Hubbell is concerned, is that she was the principal and Mrs. Minick her surety on the $500 note reduced to judgment and paid by Mrs. Minick and made the subject of her first cause of action, the one on which she recovered the judgment which it is alleged was contrary to law. There can then be no question but that this judgment against Mrs. Hubbell is not contrary to law. A surety who has paid the debt of his principal in order

to recover the amount so paid is not compelled to either plead or prove an express promise of the principal to reimburse such surety as the law implies such a promise. Subdivision 2 of section 8, chapter 32, Compiled Statutes of 1893, commonly called the "Statute of Frauds," provides that "every special promise to answer for the debt, default, or misdoings of another person" shall be void unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. If the judgment in this case against Huff is contrary to law, it must be because the promise made by him to Mrs. Minick to indemnify her for becoming the surety of Mrs. Hubbell on the $500 note, not being in writing, is void.

The evidence tends to show that Huff made the promise of indemnity to Mrs. Minick as pleaded by her; that at that time he had a chattel mortgage upon Mrs. Hubbell's property; that he was in receipt of a monthly income from the hotel in which Mrs. Hubbell's property was used; that Mrs. Hubbell was largely in debt for rent, and that it was necessary for her to raise money to discharge the rent in order that the hotel might continue to run. The promise then of Huff was supported by a sufficient consideration. The promise of Huff was made to Mrs. Minick. It was not made to Southwick, Mrs. Hubbell's creditor. If Huff had performed his promise, its effect would have been to pay Mrs. Hubbell's debt to Southwick; but his purpose in making the promise was not so much to be responsible for the debt of Mrs. Hubbell to Southwick as it was to keep the hotel in operation, on the property of which he held a chattel mortgage, and to continue in receipt of the income from the operation of such hotel. The question then is: Was this promise of Huff's within the statute just quoted; that is, was it a promise on his part to answer for the debt of Mrs. Hubbell to Southwick, or was it an original promise on his part? Perhaps no statute ever

enacted has been so often before the courts as this statute of frauds; and the cases that have arisen and in which the courts have been called upon to say whether the promise made came within the statute are as various as the transactions of human affairs. Perhaps no general rule can be laid down that will afford a safe and correct test in all cases as to whether a promise is or not within the statute, and no such attempt will be made. The weight of authority, however, in this country sustains this rule: The verbal promise of A to B to indemnify him if he will become surety for C for a debt of the latter to D is not a promise on the part of A to answer for the debt of C, and is not within the statute. The following cases, and perhaps others, sustain the rule stated: *Sanders v. Gillespie*, 59 N. Y., 250; *Yale v. Edgerton*, 14 Minn., 194; *Goetz v. Foos*, 14 Minn., 265; *Horn v. Bray*, 51 Ind., 555; *Mills v. Brown*, 11 Ia., 314; *Garner v. Hudgins*, 46 Mo., 399; *Vogel v. Melms*, 31 Wis., 306; *Green v. Brookins*, 23 Mich., 48; *Potter v. Brown*, 35 Mich., 274; *Perley v. Spring*, 12 Mass., 296; *Chapin v. Lapham*, 37 Mass., 467; *Aldrich v. Ames*, 75 Mass., 76; *Atgar v. Hiler*, 24 N. J. Law, 812. These cases follow the doctrine of the English case, *Thomas v. Cook*, 8 Barn. & Cr. [Eng.], 728. On the other hand, such a promise is held to be within the statute in *Easter v. White*, 12 O. St., 219, and *Kelsey v. Hibbs*, 13 O. St., 340; and these cases and others like them follow the doctrine of the English case, *Green v. Crosswell*, 10 A. & E. [Eng.], 453. We think the cases first above cited as sustaining the rule are in accord with the weight of authority both in this country and in England, and we cheerfully follow those cases.

There is no error in the record and the judgment of the district court is

AFFIRMED.