REDENBAUGH et al., Appellants, v. KELTON et al.

Division Two, November 19, 1895.

1. **Contract**: PARTNERSHIP: DISSOLUTION: SALE. In a contract for the dissolution of a partnership, the retiring member agreed to sell to his copartner his interest in the partnership property for $500 in property and the remainder in cash within three years, the purchasing partner to pay off the firm indebtedness as it came due and to take up a certain note, and when the latter complied with the terms of the agreement the retiring partner was to convey his interest in certain property to the former. *Held*, that the agreement dissolved the partnership, constituting a sale on time by which an absolute title to the goods passed without a lien being reserved.

2. **Sale**: PARTNERSHIP: STATUTE. Revised Statutes, 1889, sections 5080 and 5081, making conditional sales of property void as to creditors or subsequent purchasers, unless in writing and recorded, are applicable to sales between partners.

3. **Partnership**: NOTE. Where money is advanced by one partner to the partnership, and, to reimburse him therefor, another partner borrows money on his own note, the latter does not become the obligation of the firm, unless expressly assumed by it.

4. ———: SALE: LIEN. A retiring partner who sells and transfers all his interest in the partnership estate to his copartner, who assumes open and exclusive possession and treats it as his sole property has no lien on the firm property for the unpaid purchase price in the hands of a purchaser in good faith from such partner.

5. **Appellate Practice**: EVIDENCE: HARMLESS ERROR. An erroneous admission of evidence which is harmless will not cause a reversal of the judgment.

Redenbaugh v. Kelton.

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Numa F. Heitman* and *George Hubbert* for appellants.

(1) The pretended sale was made by Collings without any authority, express or implied, from Redenbaugh, his partner, and said want of authority was known to the purchasers, Kelton and son. Said sale was made by Collings to defraud Redenbaugh of Redenbaugh's lien as partner, on the stock of goods, and Kelton and son had knowledge of Redenbaugh's lien as partner on the goods, and bought the same at a grossly inadequate consideration to aid Collings to defraud Redenbaugh of Redenbaugh's rights in and to the stock of goods. *Cayton v. Hardy*, 27 Mo. 536; *Croughton v. Forrest*, 17 Mo. 131; *Priest v. Choteau*, 85 Mo. 398; *Hager v. Graves*, 25 Mo. App. 165; *Ackley v. Staehlin*, 56 Mo. 558; *Phelps v. McNeely*, 66 Mo. 554; *Shackelford v. Clark*, 78 Mo. 491; *Hilliker v. Francisco*, 65 Mo. 598; *Sexton v. Anderson*, 95 Mo. 373; *Noble v. Metcalf*, 20 Mo. App. 360; *Level v. Farris*, 24 Mo. App. 445; *Kingsland v. Drumm*, 80 Mo. 646; *Coover v. Johnson*, 86 Mo. 533; *Lee v. Bowman*, 55 Mo. 400; *Peet v. Spencer*, 90 Mo. 384; *Bender v. Merkle*, 37 Mo. App. 234; *Tufts v. Thompson*, 22 Mo. App. 564; *Reyburn v. Mitchell*, 106 Mo. 365. (2) A condition in a contract of sale of personal property that the title shall remain in the vendor until the purchase money is paid, is valid, and will be enforced even against a bona fide purchaser. *Wangler v. Franklin*, 70 Mo. 659; *Parmlee v. Catherwood*, 36 Mo. 480; *Sumner v. Cotty*, 71 Mo. 121; *Little v. Page*, 44 Mo. 412;

*Matthews v. McElroy*, 79 Mo. 202; *Ridgeway v. Kennedy*, 52 Mo. 24; *Griffin v. Pugh*, 44 Mo. 326. (3) Collings had no authority to make sale of the entire stock in bulk at less than wholesale price and to give away the $1,000 worth of clothing upstairs, and the Keltons knew it. *Ins. Co. v. Bennett*, 5 Conn. 597; *Chapman v. Deverough*, 32 Vt. 616; *Williams v. Bennett*, 10 Kan. 455; *Yale v. Yale*, 13 Conn. 185; *Rogers v. Batchelor*, 12 Pet. 221; *Pollock v. Williams*, 42 Miss. 88. (4) One of a firm of retail merchants has no power to make a fraudulent sale of all the retail stock in bulk at a grossly inadequate consideration for the purpose of defrauding his copartner, as was the case here, to persons who had knowledge of the existence of the partnership and the nature of it. *Loeb v. Pierpont*, 58 Iowa, 469; *Matter of Daniels*, 14 R. I. 500; *Wells v. March*, 30 N. Y. 344; *Dickinson v. Legate*, 1 Desau. Eq. 537; *Moddwell v. Keever*, 8 Watts & S. 64; *Leeschick v. Addison*, 19 Abb. Pr. 169; *Hewitt v. Sturdevant*, 4 B. Mon. 453; *Soberheimer v. Wheeler*, 45 N. J. Eq. 614; *Mussey v. Holt*, 24 N. H. 248; *Hudson v. McKinsie*, 1 E. D. Smith, 358; *Cayton v. Hardy*, 27 Mo. 536. (5) The dissolved partnership continues in force, in legal contemplation, for the purpose of winding up its affairs, until a full settlement has been had, and all outstanding liabilities have been met. *Brown v. Higginbotham*, 27 Am. Dec. 618; *Ellicott v. Nichols*, 48 Am. Dec. 546; *Kinsler v. McCants*, 53 Am. Dec. 711.

*Cloud & Davies* for respondents.

(1) The $800 note mentioned in the contract of May 20 was not a partnership debt. A. G. Redenbaugh testifies that it was $800 that W. H. Collings borrowed to reimburse him for money that he had advanced.

17 Am. & Eng. Encyclopedia of Law, p. 1109, par. 3; *Kimball v. Walker,* 30 Ill. 482, *loc. cit.* 514; *Drake v. Williams,* 18 Kan. 98; *Gibbs v. Bates,* 43 N. Y. 192; *Patterson v. Martin,* 6 Ired. (N. Car.) 111; *Wright v. Troop,* 70 Me. 346. (2) The Texas county decree was competent evidence on the part of defendant. He was a privy thereto as a purchaser from Collings. (3) Redenbaugh had no lien on the stock of goods sold to Collings, and, if he had, could not enforce it in this action. 2 Lindley on Partnership, top page 429; *Parker v. Merritt,* 105 Ill. 293. (4) The findings of fact by the trial court will be binding in this court. *Handlan v. McManus,* 100 Mo. 124; *Krider v. Milner,* 99 Mo. 145; *Beck v. Pollard,* 55 Mo. 26; *Miller v. Breneke,* 83 Mo. 163.

GANTT, P. J.—This is an appeal from the circuit court of Newton county. On the twelfth of May, 1893, a demurrer was sustained to the original petition in the case, and on that day an amended petition was filed, upon which the cause was tried.

The petition alleges, substantially, these facts: That defendants are, and long have been, copartners; that on —— day of ——, 1891, plaintiffs were partners under the name of "W. H. Collings & Co.;" that said partnership was organized for the purpose of carrying on a general retail store; to buy at wholesale and sell at retail in the ordinary course of business, at least until Redenbaugh should be fully reimbursed for his capital invested, which amounted to $5,000, which amount, he avers, Collings agreed to see he should receive out of the proceeds of the business, in the ordinary course of selling; that their place of business was Noble, Ozark county; that their stock consisted of general merchandise usual in a country store, and was owned by them

in equal shares; that on —— day of ——, 1891, Collings, without authority of Redenbaugh, and without his knowledge, and to defraud Redenbaugh and convert the said stock to his own use, sold and delivered the whole of said stock to defendants Kelton, and applied the proceeds to his (Collings') use, in pursuance of a fraudulent conspiracy with defendants; that the stock so converted was worth $6.000; that said sale was wholly without the authority of Collings and the scope of the said partnership, and was made in pursuance of collusive agreement with defendants; that defendants knew said goods were the property of the firm of Collings & Co., and that said sale was beyond the scope of said partnership, and contrary to the agreement between Redenbaugh and Collings; and that Redenbaugh had never been paid for his interest in the same; that defendants conspired with Collings for the purpose of cheating Redenbaugh out of his share, and converted the goods to their own use and to aid Collings to defraud Redenbaugh; that the partnership was not in debt to any other person, and this suit was brought solely to protect Redenbaugh; that Collings is joined simply to avoid a demurrer for nonjoinder, and concludes: "Therefore, by reason of the premises, this plaintiff has been damaged in the sum of $6,000, for which said sum and for costs herein plaintiff asks judgment."

To this petition defendants filed a general denial. Defendants filed an affidavit denying the partnership of Redenbaugh & Collins. A jury was waived and the cause submitted to the court, which found for defendants, and rendered judgment accordingly.

Before judgment, at the request of plaintiff Redenbaugh, the court made a finding of facts, which was as follows:

"W. H. Collings & Company, a firm composed of W. H. Collings and A. G. Redenbaugh,

v.

"Moses Kelton et al.

"Conclusions of facts as found by the court.

"The court, on request of plaintiffs, finds the conclusions of facts in the above entitled cause as follows, to wit:

"1.   That on or prior to the twentieth day of May, 1891, the plaintiffs were equal partners, doing business in general merchandise, land, and live stock, in Ozark county, Missouri, under the firm name of W. H. Collings & Co.

"2.   That they owned a stock of goods, town lots, storehouse, and a farm, at an estimated value of $5,000.

"3.   That prior to and nearly up to the said twentieth day of March, 1891, plaintiff Redenbaugh, either in person or by clerk, participated more or less in said business.

"4.   That on the said twentieth day of May, 1891, plaintiff entered into the contract in evidence.

"5.   That defendants had no knowledge of the existence of said contract until after the commencement of this suit.

"6.   That on the said twentieth day of May, 1891, plaintiff Redenbaugh sold and delivered to plaintiff Collings his entire interest in said business for a consideration of $2,500—$500 paid in live stock at the time, and the remainder, $2,000, to be paid in three years, without interest.

"7.   That plaintiff Redenbaugh retained no lien on said stock of goods for the payment of said $2,000, or for the debts due and owing by said firm.

"8.   That said Redenbaugh thereupon withdrew from said business by himself and his clerks, and did

not thereafter participate in said business, nor was he known to look after or participate in said mercantile business thereafter.

"9.    That said mercantile business was thereafter carried on in the name of W. H. Collings, who filed bond and took out license in his own name, and bought and sold goods in the name of W. H. Collings, at the same stand, until the second day of October, 1891.

"10.    That on said second day of October, 1891, said W. H. Collings sold said stock of goods to defendants at seventy-one cents on the cost and carriage price of said goods, except cost price for a few groceries, and except a stock of damaged clothing upstairs, which he exchanged in bulk for one hundred and twenty acres of land in Douglas county, Missouri; that the stock of goods, exclusive of the clothing, invoiced at seventy-one cents on the dollar, at some $1,358; that said stock of goods were shelf-worn, moth-eaten, and really not worth over fifty cents on the dollar at first price.

"11.    That defendants paid down $758 and gave their promissory note to W. H. Collings, of date October 2, 1891, due in one year; that said note was indorsed to one McKeurley before maturity, and was paid by defendants to said McKeurley on demand when due.

"12.    The defendants had no notice or knowledge sufficient to put a prudent person on the inquiry; that Collings owed Redenbaugh anything on said stock of goods; that defendants bought and paid full value for said goods in good faith, without knowledge of the equities existing between plaintiffs; bought them in the usual course of business, and without any intent to defraud anyone in the transaction.

"13.    That it appears from the records of the circuit court of Texas county, Missouri, wherein said A. G. Redenbaugh was plaintiff, and W. H. Collings was defendant, that said A. G. Redenbaugh as plain-

tiff, obtained a decree in said court, finding that the sale of the twentieth day of May, 1891, by Redenbaugh to Collings, worked a dissolution of the partnership of that date and enforced a lien on the real estate of Collings in Ozark county, Missouri, to secure any amount that may be found to be due and owing from said Collings to said Redenbaugh under said sale of May 20, 1891."

To which said conclusions of facts the plaintiff at the time then and there excepted and still excepts, and on the seventeenth day of June, 1893, the plaintiff submited to the court his statement of facts, and moved the court to find that the same were the facts in this cause, which statement of facts was rejected by the court, and refused, to which action of the court in rejecting and refusing to find the facts to be as set forth by him, the plaintiff at the time duly excepted.

After seeing these findings plaintiff presented various findings, which the court refused to adopt, and offered to file a third amended petition, which the court refused to permit to be filed, and plaintiff Redenbaugh duly excepted.

The burden of the findings proposed by plaintiff was that the goods belonged to Collings and Redenbaugh; that Collings had no authority to sell them in a lump; that Redenbaugh and Collings *had not dissolved partnership May 20, 1891;* that Keltons were not innocent purchasers; that a certain $800 note made by W. H. Collings to his father was a partnership liability; that Kelton defrauded Collings in the land trade connected with their purchase of the stock of goods from him.

The third amended petition was substantially the same as the one on which the case was tried save the omitting of Collings as a plaintiff.

On the conclusion of the finding of the facts the

plaintiff prayed for fourteen declarations of law, of which the court gave two, and refused the others. The two given are as follows:

"1. The court declares the law to be that, if the court believes from the evidence that the sale in evidence was made and contrived by Collings, with the intent to hinder, delay, or defraud Redenbaugh, as a creditor of Collings individually or as a creditor of the firm of Collings & Company, of his lawful actions, debts, or demands against Collings individually, or against said firm, and that the defendants or either of them, knew of said intent if any, on Collings' part, at the time of the said sale, then the court will find the issues for Redenbaugh.

"2. The court declares the law to be that if the court believes from the evidence that the defendants conspired with W. H. Collings to cheat and defraud Redenbaugh out of his lawful actions, debts or demands, against Collings individually or against the firm of Collings & Company, that the court will find the issues for Redenbaugh."

The court gave the following for the defendants:

"1. The court declares the law as follows: that if it believes from the evidence that on the twentieth day of May, 1891, A. G. Redenbaugh sold his interest in the partnership business in Ozark county to his copartner, W. H. Collings, and retired from the business, then such sale worked a dissolution of the copartnership, and if the court so finds it will find for the defendant.

"2. That if the court believes from the evidence that on the twentieth day of May, 1891, the plaintiffs were partners doing business as merchants in Ozark county, and that on said twentieth day of May, 1891, the plaintiff, A. G. Redenbaugh, sold and delivered the possession of the stock of goods to the plaintiff,

W. H. Collings, for a stipulated price, to be paid in the future as then and there agreed, and thereafter permitted W. H. Collings to carry on the business in his own name, and that said Collings did in his own name carry on said business until the second day of October, 1891, and that on said second day of October, 1891, said Collings sold and delivered the goods to defendants for a valuable consideration then and there paid by defendants to plaintiff in good faith, then the plaintiffs can not recover although the court may further believe from the evidence, that said sale by Redenbaugh to Collings was a conditional sale, as between themselves, and the finding should be for the defendants."

"3.   The court finds that the circuit court of Texas county, Missouri, a court of competent jurisdiction, in that behalf in an action between A. G. Redenbaugh, plaintiff, and W. H. Collings, defendant, interpreted the contract between Redenbaugh and Collings to be an absolute dissolution of the copartnership of A. G. Redenbaugh and W. H. Collings, and the decree, read in evidence, is conclusive on that point as against the plaintiff herein."

To which action of the court in giving said instructions for the defendants, and each of them, plaintiff at the time then and there duly excepted and still excepts.

The contract of dissolution was in these words:

"NOBLE, Ozark Co., Mo., May 20, 1891.

"Contract and agreement by and between W. H. Collings and A. G. Redenbaugh, of the firm of Collings & Company?

"A. G. Redenbaugh has, this twentieth day of May, 1891, sold his interest in Ozark county, Missouri, to W. H. Collings, upon the following conditions, to wit:   W. H. Collings agrees to pay A. G. Redenbaugh

the sum of $2,500, two thousand, five hundred dollars; payments to be made as follows: $500 in horses, cattle, and hogs, prices to be agreed upon; the remaining $2,000 to be paid in cash within three years from date, without interest, in such sums and at such times so as not to cripple the business. W. H. Collings agrees to assume and pay off the indebtedness of the firm as they come due. He, W. H. Collings, also agrees to take up a certain note of $800, signed by W. H. Collings and A. G. Redenbaugh, given to W. H. Collings, Sr., and turn same over to A. G. Redenbaugh. When this contract is complied with by the said W. H. Collings, the said A. G. Redenbaugh agrees to give quitclaim deed to his undivided half interest in farm and town site; also bill of sale to his interest in Ozark county, Missouri.        WILLIAM H. COLLINGS, [SEAL]
        "A. G. REDENBAUGH." [SEAL]

I. This is an action at law for damages as for a conversion of certain goods. The plaintiff seems to have two theories. The first and the one alleged in the petition is that in October, 1892, he was still a partner with Collings in the store at Noble, and the other is that, although he had sold his interest in the goods to Collings, and received part payment therefor, and taken his name out of the firm, and given Collings three years to pay him, that he still retained a lien on the goods, and that Collings had no authority to sell at a lumping sale, but was bound to retail the goods in the ordinary way of trade at Noble, and that if Kelton knew Collings owed Redenbaugh, then Kelton could not be a purchaser in good faith, and would hold the goods subject to plaintiff's rights. The court found, and we can not see how he could have found otherwise, that the firm was dissolved on the twentieth day of May, 1891. Having so found, Redenbaugh clearly had no interest in the goods sold by Collings to Kelton fifteen months

later, and the first theory necessarily vanishes with the assumption upon which it was based. The finding of this fact upon such a mass of evidence will not be disturbed. It is binding upon this court. *Miller' v. Breneke*, 83 Mo. 163; *Handlan v. McManus*, 100 Mo. 124.

II. Another contention is that the contract was a mere executory one, and that the partnership was not dissolved until the money was all paid. In other words, the claim is that it was a conditional sale; that the title was to remain in Redenbaugh until the purchase money was paid, and that he could enforce his claim for the purchase money, even against an innocent purchaser. We think the court correctly construed the instrument as a sale upon time; that the title to the goods passed thereby, and a credit was given Collings, and no lien was reserved. That Redenbaugh so understood can not be doubted, and Collings, upon the faith of their contract, took out his merchants' license in his individual name, gave his individual bond as such, and conducted the business for more than one year in his own name, and Redenbaugh withdrew himself and clerks from all participation in the business. To permit him, after such conduct, to assert his ownership or lien against one trading with Collings upon his apparent ownership, would be contrary to all the principles of law and justice. Sections 5180 and 5181 of Revised Statutes, 1889, were enacted to meet such claims as are here asserted.

It is urged by counsel that these sections do not apply to sales between partners and we are cited to *Peet v. Spencer*, 90 Mo. 384. That case simply held that *where goods are consigned they were not sold* within the meaning of these statutes. The language of the contract, the construction placed upon it by the parties, their subsequent conduct, all stamped this transaction

as a sale, part in cash, part on time. It left no interest whatever in Redenbaugh in the goods. His position is utterly untenable. He agrees that Collings could have proceeded to sell everything in the store at retail and pass an absolutely perfect title to every parcel so sold but that in some hidden secret way there was a condition that he could not sell the same goods in bulk. The trial court correctly held there was no such a condition attached to the sale of the goods.

III. It was averred and proved that the firm of W. H. Collings & Co. owed no creditor any debt whatever. The $800 borrowed by W. H. Collings of his father was not a partnership debt. Redenbaugh testified it was borrowed by W. H. Collings to reimburse Redenbaugh for money he had advanced. The note was signed by Collings alone. It was not the obligation of the firm nor was it even assumed by the firm. *Bank v. Bayliss*, 41 Mo. 274; *Garner v. Hudgins*, 46 Mo. 399; *Goddard-Peck, etc., Co. v. McCune*, 122 Mo. 426; *Gibbs v. Bates*, 43 N. Y. 192; *Kimball v. Walker*, 30 Ill. 482; *Patterson v. Martin*, 6 Ired. Law, 111; Story on Partnership [7 Ed.], sec. 148. It follows that the elaborate discussion of the authorities to establish that the right of firm creditors can be worked out through the partners was inapplicable here, as no creditor's rights are involved.

IV. The trial court found that defendants Kelton knew nothing of the contract between Redenbaugh and Collings when they bought. Upon these facts, so found, it is clear there is no partner's lien against the Keltons, at least none which can be enforced in this action for damages in which no relief is sought against Collings.

An exceedingly full collection of the cases has been made in which the partner's lien is recognized. The decisions are numerous that one partner will not be allowed to convert the partnership assets to his own

use to the detriment of the creditors and there are many cases of dissolution in which the courts will protect the partners as between themselves when the property has not changed upon a proper bill for that purpose, but we have not those cases under consideration. Here we have a retiring partner selling and transferring all his interest in the partnership estate to his copartner who then assumes open and exclusive possession over it and for fifteen months treats it as his sole property, sells and disposes of it to *bona fide* purchasers. Under such circumstances he has no standing in court of equity to enforce a lien or specific right to such in the hands of such purchasers nor will he be allowed to recover of such purchaser at law as for a conversion of his goods but will be remitted to his action on his agreement.

Counsel has assigned as error the admission in evidence of a judgment in the circuit court of Texas county between Redenbaugh and Collings in which it was held that the firm was dissolved on the twentieth of May, 1891. That evidence was harmless because the testimony was overwhelming to the same effect in the Newton court.

Learned counsel has argued the evidence and the weight of the evidence, and asks us to reverse the circuit court on these grounds; but, as already observed, this is an action at law, and we have looked simply to ascertain if there was evidence tending to support the findings of the court, and, as in our opinion, there was, we affirm the judgment of the circuit court.

We have considered the numerous points raised, but it will not be necessary to enlarge upon them, as they are either immaterial in our view, or are precluded by the finding of the trial court. The judgment is affirmed. BURGESS, J., concurs; SHERWOOD, J., not sitting.