## SAINT LOUIS BREWING ASSOCIATION, Appellant, v. GEORGE COOPER ELMER, Respondent.

**Springfield Court of Appeals, April 14, 1915.**

1. **PARTNERSHIP: Liability of Individual Partners: Notice Not to Extend Credit to.** Where a seller admits that the liability of one partner for sales to the partnership was terminated by a letter dated October 17, 1912, he will not be allowed to say that an oral notice given October 12, 1912, to give no further credit to the firm or to the other partner on account of the firm, did not accomplish the same result.

2. ———: **Liability of Partners: Principle of Agency Basis For.** The authority of one partner to bind other partners is based on the principle of agency and such agency may be terminated by notice.

3. ———: ———: **Notice Not to Extend Credit.** A partner cannot be *held* liable for goods purchased by another partner on credit where he notified the seller prior to the sale not to extend credit and that he would not be liable for goods purchased on credit by his partner.

4. ———: ———: **Notice Not to Extend Credit: Agreement to Look to Another Partner.** Where defendant partner verbally notified one selling goods on credit to the partnership not to extend further credit and the seller agreed with the other partner to look only to him for payment, the partner giving the notice is not liable for goods subsequently sold on credit by such seller.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*G. C. Dalton* for appellant.

(1) So long as a person remains a member in a firm, he holds out his copartner as agent duly authorized to bind him and the firm by any contract incident to carrying on, in the usual way, business of the kind

carried on by the firm.  30 Cyc. 527 (16).  (2)  Octo-
ber 17, 1912, is the date the partnership was dissolved,
if at all.  And any goods which Hogle purchased on
or before the seventeenth day of October, 1912, for the
firm, and which were not paid for would be an obliga-
tion of the firm and either partner would be liable for
any such indebtedness.  Stewart v. Sonneborn, 51
Ala. 126; Hall v. Heck, 92 Mich. 458, 52 N. W. 479.

*Wm. P. Elmer* for respondent.

(1)  The power of one partner to bind the firm
rests upon the principle of agency, and if the authority
is restricted and creditor has notice of it, the one
partner cannot bind the other generally.  22 Am. &
Eng. Ency. Law, pages 23, 142 (2), 163 b (2)-(3).  (2)
Defendant's verbal notice, given on October 1, 2 or 3,
1912, of his withdrawal from the partnership and not
to extend further credit to same, was valid and ter-
minated plaintiff's right to further charge him with
liability.  22 Am. & Eng. Ency. Law, pages 176 (7),
177 (2), 179 (c)-(d), 180.  (3)  The retiring partner
cannot be bound by the contract of remaining part-
ner, with persons who had notice of his withdrawal
from the firm, even though no formal dissolution of
the partnership took place.  Seufert v. Gille, 230 Mo.
453, 131 S. W. 110.

ROBERTSON, P. J.—Plaintiff sued the defend-
ant for $251.88, a balance alleged to be due from
defendant as a member of a partnership designated
as Hogle & Elmer on account of merchandise which
the plaintiff claims to have delivered to the partnership
between about October 2 and 17, 1912.  A jury trial
resulted in a verdict for the defendant and the plaintiff
has appealed.

Considering the facts most favorable to the de-
fendant, as disclosed by substantial testimony, we find

that about October 1, 1911, the defendant and Hogle went to the place of business of the plaintiff in St. Louis, called at the Hyde Park Brewery, and there arranged for the purchase of merchandise upon a cash basis, but subsequently the purchases drifted into credit transactions through the conduct of Hogle who was the active manager of the business. The defendant, shortly before October 1, 1912, discovered that Hogle was purchasing extensively on credit, whereupon the defendant visited plaintiff's place of business in St. Louis, agreed to pay the balance then due the plaintiff and notified the plaintiff to extend no further credit to the firm or to Hogle on account of the firm. The defendant paid the balance due up unto the first day of October, 1912, but thereafter the plaintiff shipped to Hogle goods amounting to the sum for which this suit is brought and now insists that the only way that the defendant could have prevented Hogle from contracting obligations in behalf of the firm for merchandise used in their business was to have first dissolved the partnership and notified plaintiff thereof. Plaintiff concedes that the liability of the defendant was terminated October 17, 1912, by the following letter written by defendant to plaintiff: "Please exempt me from any further indebtedness to the Hyde Park Brewery in the business of Elmer & Hogle, & oblige." There is no more testimony of a dissolution at the time this letter was written than there was at the time the defendant was in plaintiff's place of business on October 1, 1912, and gave notice that no further credit should be extended. Hogle testified after defendant notified plaintiffs not to extend any further credit that plaintiff interviewed him and agreed to sell him on his individual credit, and that the sales were accordingly made. There is no testimony that defendant realized any benefit of or participated in the business after his verbal notice to the plaintiff on October 1st.

By an instruction the jury was told that if on or about October 1, 1912, "the defendant notified the plaintiff to not further extend credit to W. L. Hogle or Hogle & Elmer and that he would not thereafter be responsible for such credit, and if thereafter plaintiff extended credit to W. L. Hogle, either on his individual account or to Hogle & Elmer account, then the defendant cannot be held liable to plaintiff for any goods sold or credit extended after such notification."

Plaintiff by its own conduct recognized the right of the defendant to terminate his liability on October 17, 1912, under the same state of facts on which it denies this right on October 1, 1912. Such inconsistency cannot be tolerated and since the plaintiff is willing to and does concede that on October 17th the defendant by writing the letter relieved himself of liability we hold that the plaintiff cannot be heard to say that he did not accomplish the same result on or about the first of that month.

If the defendant had the power, either by affirmative conduct or express consent to incur liability by reason of credit extended to the firm he would necessarily have the right to terminate his obligation in that respect by notice to the plaintiff that he would be liable for no further credit. [30 Cyc. 481, 482, and Gates v. Watson, 54 Mo. 585, 590.]

That the above quoted instruction properly declares the law appears to be amply supported by practically all of the authorities, the text-writers and reason. The authority of one partner to bind the other members of the firm is based upon the principle of agency (Midden National Bank v. Schoen, 123 Mo. 650, 657; 27 S. W. 547) and this agency may be terminated by notice. [Parsons on Partnership (4 Ed.), sec. 83; 1 Bates on the Law of Partnership, sec. 326; Taylor v. Sartorious, 130 Mo. App. 23, 33, 180 S. W. 1089.] If the above instruction does not correctly declare the law then the only method whereby a part-

ner could protect himself from liability on account of undesired credits would be to dissolve the partnership whether considered advisable or desirable. If the limitation as to credit imposed by the objecting partner is considered by the other partner as detrimental to the business then such other partner may exercise his right to dissolve the partnership, hence no injustice can be worked by our holding, but by the opposite holding an avenue would be opened for great imposition.

If the plaintiff agreed with Hogle, after the defendant verbally notified plaintiff that he would be liable for no further credit to Hogle and plaintiff agreed to look only to him therefor, then the defendant was not liable. [Farmers Bank of Mo. v. Bayless, 36 Mo. 428, and Redenbaugh v. Kelton, 130 Mo. 558, 570, 32 S. W. 68.]

The judgment is affirmed.

*Sturgis* and *Farrington, JJ.,* concur.