STANLEY E. KASPAREK ET AL., APPELLANTS, v. GEORGE E. MAY ET AL., APPELLEES.

156 N. W. 2d 144

Filed February 2, 1968. No. 36681.

Baumfalk, Dalke & Dowding, for appellants.

Herman Ginsburg, Warren K. Urbom, Ginsburg, Rosenberg, Ginsburg & Krivosha, R. P. Cathcart, and Baylor, Evnen, Baylor & Urbom, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ.

SPENCER, J.

This is an action for damages. Judgment was entered

in favor of defendants, pursuant to a jury verdict. Plaintiffs perfected an appeal to this court. They set out three assignments of error: "1. The verdict is contrary to law. 2. The verdict is not sustained by sufficient evidence. 3. That the court erred in failing to instruct the jury on the decision previously rendered between the parties, with reference to the enforcement of the decree, and the findings of the court in said previous action."

Plaintiffs do not discuss or argue either of their first two assignments of error in their brief. Neither do they point out anything in the record which would tend to substantiate them.

Rule 8a2(3), Revised Rules of the Supreme Court, 1967, provides in part: "* * * consideration of the cause will be limited to errors assigned *and discussed.*" (Italics supplied.)

The rule enunciated in Minick v. Huff, 41 Neb. 516, 59 N. W. 795, is pertinent herein: "It is no part of the duty of this court to search a record for the purpose of ascertaining if there is error in it. On the other hand, every reasonable presumption will be indulged in favor of the correctness of the judgment of a district court, and any ruling of that court, alleged to be erroneous, must be specifically pointed out to be reviewed here."

Plaintiffs' theory is that they were damaged because the defendants failed to entirely remove a dike in strict accordance with a decree in a 1956 action between the same parties. The evidence is undisputed that the plaintiffs' land is a natural flood plane of the Little Blue River, and when the river reaches 11½ feet it will flood the plaintiffs' land before reaching the land of the defendants. Plaintiffs sought to recover all damages sustained by virtue of floods since 1960, but made no attempt to apportion damages between what would have naturally resulted and what may have been caused by defendants' dereliction, if any. It was plaintiffs' theory that the failure of the defendants to entirely remove the

dike in accordance with the 1956 decree resulted in certain crop losses and caused sand to be deposited on their land, decreasing its value. Plaintiffs testified that no sand would have been deposited except for the obstruction caused by the remains of the dike. The overwhelming weight of the evidence is to the contrary. The jury also could have determined that the wrongful construction by plaintiffs of a fence across a drainage ditch provided by the 1956 decree held back debris which was a major factor in the deposit of sand on plaintiffs' land.

Assignment of error No. 3 refers to a request made by plaintiffs that the jury be instructed on the previous judgment between the parties with reference to the enforcement of the decree entered in 1956. The decree of 1956, which is plaintiffs' exhibit 1 herein, was stipulated into the record, read to the jury, and the jury was instructed that said decree was in full force and effect. In addition thereto, the jury was told that defendants had failed to fully remove the dike in accordance with that decree.

Plaintiffs, in their brief in support of assignment of error No. 3, do not point out what they expected the court to tell the jury about the previous action. Their argument is confined to two propositions. The first is: "The general rule is that, while the court will take judicial notice of its records, it will not in one case take such notice of the record in another case.

"The doctrine that the court will take judicial notice of a final order made by it in another case which is so interwoven and interdependent with the pending case as to justify the application of it is an exception to the general rule, recognized by the necessity of giving effect to a former holding which finally decided questions of fact and law." This is a correct statement of the law as set out in Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224. The difficulty is that the rule is not applicable herein.

Plaintiffs are seeking to have the court instruct the

jury on the decision reached in Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512, which was an action for civil contempt brought on the decree in the original case. Plaintiffs sought to read the opinion in that case to the jury. The trial court correctly refused to permit them to do so. The opinion of the appellate court may not be introduced in evidence for any purpose. If material, it is the judment therein which is admissible. See Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551.

In Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512, we held that civil contempt was available to enforce the previous decree, but not to afford a remedy for the recovery of subsequent damages. Finding defendants in contempt did not ipso facto determine plaintiffs had actually been damaged, or the amount of such damages if any had been sustained. The present action is one to recover for any damages allegedly sustained by the failure of the defendants to fully comply with the June 29, 1956, decree.

The trial court permitted the introduction herein of plaintiffs' exhibit 19, which was an order entered July 9, 1963, interpreting the judgment of this court in the contempt case, as well as plaintiffs' exhibit 20, which is the judgment on the mandate therein. The trial court further permitted the introduction of plaintiffs' exhibit 21, a journal entry filed December 4, 1963, on the final determination on compliance with the mandate in said case. These exhibits were read by the trial judge to the jury.

We fail to see what more plaintiffs could expect. The judgments rendered herein were in evidence, and the jury was told that the defendants had failed to comply with the 1956 decree. The effect thereof, and the extent of the damages plaintiffs may have sustained because of that failure, were matters which plaintiffs were required to prove in order to recover herein. To meet this burden, plaintiffs adduced evidence as to the extent of the flood damage sustained. Unless the jury was willing to accept the testimony of the plaintiffs that all of their

damage was the result of the failure of the defendants to fully comply with the decree of June 29, 1956, there was no criteria by which the jury could apportion the damages.

Plaintiffs' second proposition is as follows: "The court should instruct the jury on all issues which had been decided by the court in a previous action or case between the parties." It is of course obvious that the court could only instruct the jury on the issues actually involved in the current case. This it did. Plaintiffs tendered no instructions on the point they now urge. If they desired more specific instructions, they should have done so. The point the plaintiffs do not seem to realize is that it was possible for the defendants to be in contempt of court for their failure to fully conform with the 1956 decree, and still not be liable for damages to the plaintiffs.

For the reasons given, the judgment herein must be affirmed.

AFFIRMED.