**Francis Paul JOHNSON, Plaintiff,**

v.

**COLT INDUSTRIES OPERATING CORPORATION, Defendant.**

**Civ. A. No. 82–1390.**

United States District Court,
D. Kansas.

May 23, 1985.

Richard F. Waters, Bengston, Waters & Thompson, Junction City, Kan., John E. Shamberg, Mark A. Johnson, Victor Bergman, Shamberg, Johnson, Bergman & Goldman, Shawnee Mission, Kan., for plaintiff.

George A. Lowe, Christopher Bacon, Lowe, Terry & Roberts, Olathe, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to amend judgment, motion for stay of execution pending disposition of defendant's motion for new trial, and motion for judgment notwithstanding the verdict and for new trial. The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule 15(d), Rules of Practice for the United States District Court for the District of Kansas.

█ Defendant seeks to amend the judgment to reflect that actual damages awarded to plaintiff Francis Paul Johnson are Four Hundred Twenty-Five Thousand Dollars ($425,000), and similarly that actual damages awarded to Jannie Johnson are Four Hundred Twenty-Five Thousand Dollars ($425,000). Defendant seeks this amendment to reflect the percentage of fault found to be attributable to defendant. The court hereby finds that said amendment should be granted.

The court will now consider defendant's motion for judgment notwithstanding the verdict and for new trial. In considering a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made. *Wilkins v. Hogan,* 425 F.2d 1022 (10th Cir.1970); Rule 50(b), Federal Rules of Civil Procedure. A judgment notwithstanding the verdict may not be granted unless the evidence points one way and is susceptible to no reasonable inference which may sustain the position of the party against whom the motion is made. *Symons v. Mueller Co.,* 493 F.2d 972 (10th Cir.1974). It is not the court's duty to weigh the evidence [*Wilkin v. Sunbeam Corp.,* 377 F.2d 344 (10th Cir.1967)], or to pass upon the credibility of witnesses [C. Wright and A. Miller, 9 *Federal Practice and Procedure: Civil,* § 2527], or substitute its judgment of the facts for that of the jury [*Swearngin v. Sears, Roebuck & Co.,* 376 F.2d 637 (10th Cir.1967)].

█ The standard for granting a new trial is less rigorous than the standard for granting judgment notwithstanding the verdict. A decision to grant a new trial "involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself." *Tidewater Oil Co. v. Waller,* 302 F.2d 638, 643 (10th Cir.1962). A new trial is not in order unless the court finds that prejudicial error has entered the record or that substantial justice has not been done. *Seven Provinces Ins. Co., Ltd. v. Commerce & Industry Ins. Co.,* 65 F.R.D. 674 (W.D.Mo.1975).

Defendant argues four grounds as the basis for its motion. Defendant asserts that plaintiff's introduction into evidence of the court opinion in *Bender v. Colt Industries* (Plaintiff's Exhibit No. 118) was prejudicial to defendant and constituted reversible error; that Instruction No. 9, telling the jury that defendant had a duty to exercise the highest degree of care in the design of the gun, overstated defendant's duty of care; that defendant was prejudiced by plaintiff's introduction of the issue of recall into the case at the time of trial; and that the punitive damage verdict was unreasonable, excessive and unsupported by the evidence.

Defendant asserts three grounds of error in relation to the introduction of the opinion in *Bender v. Colt Industries, Inc.,* 517 S.W.2d 705 (Mo.App.1974). Defendant argues that the opinion was inadmissible as a matter of law, irrelevant based on a lack of substantial similarity to the case at bar and unfairly prejudicial. In considering the admissibility of evidence, the starting point is

Rule 402, Federal Rules of Evidence, which provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

■ Although aware that other courts have found judicial opinions to be inadmissible as evidence [see *Kasparek v. May*, 182 Neb. 582, 156 N.W.2d 144 (1968); *Carr v. Fidelity & Casualty Co. of New York*, 248 So.2d 917 (La. Appeals 1971); and *United States v. Furey*, 491 F.Supp. 1048 (E.D.Pa.1980)] this court does not agree that judicial opinions are inadmissible for all purposes.

In the case at bar, plaintiff offered the *Bender v. Colt* decision to establish knowledge of other like accidents on the part of defendant. The admission of the *Bender v. Colt* opinion was highly probative of this issue.

■ It is clear that evidence of similar accidents is relevant and admissible. See *Rexrode v. American Laundry Press Co.*, 674 F.2d 826 (10th Cir.1982); and *Julander v. Ford Motor Co.*, 488 F.2d 839 (10th Cir.1973). In the *Julander* case, the court refused to uphold the submission of copies of complaints by other plaintiffs against the defendant because most of the complaints were not dated or were filed after the cause of action in question and therefore they could not be upheld on the basis of a notice theory. However, the court did state that prior complaints are admissible as probative of the defendant's knowledge. Further, in *Soden v. Freightliner Corp.*, 714 F.2d 498 (5th Cir.1983), the Fifth Circuit Court of Appeals upheld the district court's admission into evidence of complaints involving other litigation against the defendant. The court stated that evidence of other litigation is relevant on the question of notice if the complaint contains allegations of a design defect causing an accident under circumstances substantially similar to those in the case before the court.

■ Defendant asserts that it was error for this court to admit the *Bender v. Colt* opinion because the facts of that opinion were not substantially similar to those of the case at bar. It is important to note that for evidence of prior accidents, the circumstances must be substantially similar to those surrounding the case at bar. Exact similarity is not required. *Campus Sweater & Sportswear v. M.B. Kahn Construction Co.*, 515 F.Supp. 64 (D.S.C.1979), *affirmed* 644 F.2d 877 (4th Cir.1981).

■ Both *Bender v. Colt* and the instant case involved injuries occurring when a Colt single action army revolver was dropped and fired. In both cases, the gun was carried with a loaded round under the hammer. Neither gun had a positive safety device, and plaintiffs in both cases had experience with other firearms. In *Bender*, there were additional factors of the gun's hammer being in the safety notch and the sear's fracturing when the gun was dropped. However, the addition of these factors does not vitiate the substantial similarity of these two cases.

Defendant also asserts that the introduction of the *Bender v. Colt* opinion was unfairly prejudicial. Defendant argues that the jury was misled by the introduction of this opinion and was therefore predisposed to finding liability and recklessness in the instant case.

■ Upon review of the record and briefs of the parties, this court concludes that no error occurred by the introduction into evidence of the *Bender v. Colt* opinion. The opinion was relevant to show knowledge on the part of defendant of other similar claims. Further, the extent of defendant's notice and knowledge was a contested issue in this case. Defendant in this case was given an opportunity to submit a limiting instruction to alleviate any potential unfair prejudice, yet defendant declined to do so. Defendant also failed to object to specific portions of the *Bender* opinion and chose to object only to the admission of the

opinion in its entirety, therefore the court did not exclude any specifically objectionable portions.

■ Even if the court were to conclude that the admission of the *Bender v. Colt* opinion constituted error, the court would find that such error was not prejudicial and amounted only to harmless error, not affecting the substantial rights of the parties. Rule 61, Federal Rules of Civil Procedure. The jury was adequately instructed that they were duty bound to follow the law stated in the instructions of the court. (Instruction No. 1.) The jury was further instructed that they were to exercise their individual judgment in their consideration of the case. (Instruction No. 32.) Viewing the instructions in their entirety, the jury was advised to examine the facts based on independent judgment and to apply the law, as stated in the instructions given by the court, to the facts as determined. There is no evidence that the jury did otherwise in the instant case. In the *Bender* case, the jury awarded the plaintiff Fifteen Thousand Dollars ($15,000), found defendant Colt to be one hundred percent (100%) at fault, and did not consider the issue of punitive damages. In the instant case, the jury found plaintiff ten percent (10%) at fault, defendant Alco five percent (5%) at fault, and defendant Colt eighty-five percent (85%) at fault, and found total actual damages in the amount of One Million Dollars ($1,000,000). The jury further found punitive damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000). The court is not convinced that the jury allowed the *Bender* decision to control the outcome of the instant case thereby resulting in prejudicial error.

Defendant also argues that Instruction No. 9, telling the jury that defendant had a duty to exercise the highest degree of care in the design of the gun, overstated its duty of care. Instruction No. 9 states:

A manufacturer of firearms has the duty to exercise the highest degree of care in the design of the product so that it will be reasonably safe for the use for which it was intended or which can reasonably be anticipated. Failure to fulfill this duty constitutes negligence.

■ Defendant asserts that under Kansas law it was required only to exercise reasonable care in the design of the gun. There is no Kansas case directly on point on this issue. However, Kansas law is clear that one having ownership or control of dangerous explosives, such as dynamite and firearms, has the duty to exercise the highest degree of care. See *Wroth v. McKinney*, 190 Kan. 127, 373 P.2d 216 (1962); and *Clark v. E.I. du Pont de Nemours Powder Co.*, 94 Kan. 268, 146 Pac. 320 (1915). Defendant argues plaintiff should have been charged with the highest degree of care rather than having that duty imposed on defendant. Instruction No. 16 states:

One who has in his possession, or under his control, an instrumentality exceptionally dangerous in character is bound to take exceptional precautions to prevent an injury being done by the instrumentality. The degree of care must be equal to the degree of danger involved.

■ The court finds that this instruction adequately set out the degree of care to be imposed on plaintiff in the instant case.

■ The court further finds that Instruction No. 9 properly established the standard of care to be imposed on defendant. As stated previously, no Kansas case speaks directly to this issue, but the Kansas court has recognized that a higher degree of care in relation to a dangerous commodity should be commensurate with the dangerous propensities of the product. In *Cope v. Kansas Power & Light Co.*, 192 Kan. 755, 391 P.2d 107 (1964), the court noted the defendant power company had a duty to exercise the highest degree of care to protect the public from danger arising out of contact with a high voltage line.

The Second Circuit Court of Appeals, in *DiMeo v. Minster Machine Co.*, 388 F.2d 18 (2nd Cir.1968), found a power stamping press to be a dangerous machine which

required the highest degree of care in its manufacture. Further, the Tenth Circuit Court of Appeals, when discussing Kansas law in *Prince v. Leesona Corp., Inc.*, 720 F.2d 1166 (10th Cir.1983), indicated that manufacturers have a strict duty of care in design and production including the duty to guard against injury to negligent consumers.

The court fails to find any error resulting from instructing the jury that defendant had a duty to exercise the highest degree of care in the design of a firearm. This is particularly true when the plaintiff is also charged with a high duty of care.

Defendant also argues that it was prejudiced by plaintiff's introduction of the issue of recall into the case at the time of trial. Defendant asserts that evidence pertaining to the issue of recall should not have been introduced because the recall issue was not raised by the pleadings or the pre-trial order, and because Kansas law imposes no duty of recall. Defendant further asserts that Instruction No. 12 improperly notified the jury that recall could be considered. Instruction No. 12 does not specifically mention recall, but states:

> A manufacturer has a duty to take such measures as are reasonably necessary to protect the public from foreseeable harm after a product has been manufactured and sold. If a manufacturer knows of or later becomes aware of the fact that the design of a product causes unnecessary risk of serious injury to the product user or to the public, the manufacturer must take such reasonable steps under the circumstances as will lessen or prevent the risk of injury.

Defendant argues that plaintiff's deletion of the recall count in his amended complaint was affirmatively misleading. Defendant asserts that had it known recall would be an issue it could have fully prepared for cross-examination and produced affirmative evidence on the issue. Plaintiff's original complaint in this case contained two counts, one for actual damages and one for punitive damages. When plaintiff's present attorneys entered the ac-

tion, the complaint was amended to plead negligence, strict liability, warranty and willful/reckless conduct. Plaintiff asserts that he has never limited or altered his theories of negligence or strict liability, although the warranty claims were eventually dropped from the case.

In the pre-trial order filed on September 20, 1983, plaintiff claimed in part that defendant breached its duty of reasonable care by failing "to incorporate well known and available safety mechanisms or devices which would have prevented or lessened the likelihood of plaintiff's injuries" and that "defendant knew of the design deficiencies inherent in the weapon and that defendant was aware of the likelihood of injury and harm resulting to users as a result of the design deficiencies." Further, defendant, in questioning plaintiff's expert witness, George Green, inquired into the proposed modification of the revolver as suggested by the witness. Counsel for plaintiff, when deposing Richard L. Brown, Vice President of Engineering for defendant, inquired into his awareness of Ruger's continuing offer to retrofit existing revolvers in the field. Further, when plaintiff deposed defendant's expert, David Findley, the issue of a possible similar retrofit offer by Colt was raised.

 The court finds that no prejudice resulted by plaintiff's introduction of evidence into the case concerning the issue of recall. The court did not specifically instruct the jury that defendant had a duty to recall. The jury was instructed on the issue of due care. Whether a manufacturer has a duty to recall in any given case is incorporated into the concept of due care as it applies to negligence actions generally. No error was committed on this point.

Defendant's final argument is that the punitive damage verdict in this case was unreasonable, excessive and unsupported by the evidence. Defendant argues two points of error. Defendant first argues that the issue of punitive damages should not have been submitted to the jury, and, second, that Instruction No. 27 fails to

properly define the standard for an award of punitive damages under Kansas law.

Defendant asserts that the evidence presented to the jury did not justify any punitive damage award, and that the accident record of Colt single action revolvers did not show the gun to be unreasonably dangerous. Further, defendant asserts that the giving of a warning to a consumer is inconsistent with the concept of "reckless disregard or complete indifference" of the consequences of its actions. This court cannot agree that the evidence did not warrant a punitive damage instruction.

■ A punitive damage issue should go to the jury if at the close of the evidence the court decides that there is a legal basis for such damages shown by any interpretation of the evidence favorable to the plaintiff. *Worsham v. A.H. Robins Co.*, 734 F.2d 676 (11th Cir.1984). Plaintiff submitted evidence that the revolver would be in a very dangerous condition if loaded with six rounds. Further, plaintiff submitted evidence of the foreseeability of inadvertent discharge along with evidence of past similar accidents and knowledge on the part of defendant. The evidence further indicated that only five percent (5%) of the accidental discharges resulted in injury, therefore there existed a greater number of accidental discharges than those reported. Plaintiff further presented evidence of the feasibility of eliminating the known hazard associated with the revolver. The court is satisfied that the evidence established a sufficient legal basis for the introduction of a punitive damage issue.

■ Defendant also argues that the jury was not properly instructed as to the proper elements to consider in fixing the amount of punitive damages. Defendant argues that the jury's award was based on plaintiff's counsel's statement in closing argument that the jury should award One Dollar ($1) for every Colt single action revolver produced. The jury was properly instructed in Instruction No. 31 that statements and arguments of counsel are not evidence in the case.

Defendant also argues that Instruction No. 27 failed to sufficiently instruct the jury on the definition of reckless disregard or complete indifference of the probable consequences of the wrongful act. Instruction No. 27 provides:

If you find that plaintiffs are entitled to recover, and you also find that the conduct of the defendant was in reckless disregard or complete indifference to the probable consequences of its actions, then in addition to the actual damages to which you find plaintiffs entitled, you may award plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter others from like conduct.

■ Defendant asserts that the court should have further defined the terms "reckless disregard" or "complete indifference." This court cannot agree. Any additional definition of those terms would have been mere surplusage. The terms used in Instruction No. 27 are clear and are not in need of further definition. Additionally, the court would note that in *Bailey v. Resner*, 168 Kan. 439, 214 P.2d 323 (1950), the Kansas Supreme Court used the terms "reckless disregard" and "complete indifference" when defining the term "wanton." The court is satisfied that Instruction No. 27 properly stated the law as it pertains to punitive damages. Defendant's motion for judgment notwithstanding the verdict and for new trial shall be denied.

■ Defendant has also filed a motion for stay of execution pending disposition of its motion for new trial. The court finds that such motion should be denied as moot.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to amend judgment is hereby granted and the judgment shall be amended to reflect that actual damages awarded to plaintiff Francis Paul Johnson are Four Hundred Twenty-Five Thousand Dollars ($425,000), and similarly that actual damages awarded to Jannie Johnson are Four Hundred Twenty-Five Thousand Dollars ($425,000). IT IS FURTHER ORDERED that defendant's

motion for judgment notwithstanding the verdict or for new trial is hereby denied. IT IS FURTHER ORDERED that defendant's motion for stay of execution pending disposition of its motion for new trial is hereby denied as moot.