Pamela J. TORRE, and Pamela J. Torre as guardian and next friend of Trisha B. Torre, Plaintiffs,

v.

FEDERATED MUTUAL INSURANCE COMPANY, Federated Mutual Insurance Company Medical Plan # 501; John Cummings, Medical Plan # 501 Administrator; William Haegele, a/k/a Bill Haegele, Regional Manager; Thomas Lauritzen, a/k/a Tom Lauritzen, Federated Mutual Insurance Company District Manager; John Cummings, Individually; William Haegele, a/k/a Bill Haegele, individually; Thomas Lauritzen, a/k/a Tom Lauritzen, individually, Defendants.

Civ. A. No. 91–4235–DES.

United States District Court, D. Kansas.

Aug. 4, 1995.

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for plaintiffs Jane Doe, Jane Doe, as natural guardian and next friend of Jill Doe, Pamela J. Torre, Pamela J. Torre, natural guardian and next friend of Trisha B. Torre.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, R. Scott Davies, Minneapolis, MN, for defendants Federated Mutual Insurance Company, Federated Mutual Insurance Company Medical Plan # 501, John Cummings, Medical Plan # 501 Administrator, William Haegele, Thomas Lauritzen, John Cummings.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

## I. INTRODUCTION

This matter is before the court on Federated Mutual Insurance Company's ("Federat-ed") motion for judgment as a matter of law or, in the alternative, new trial (Doc. 294). Pamela Torre brought this action alleging violations of various federal statutes and Kansas common law. Mrs. Torre requested a jury trial. In a Memorandum and Order issued May 31, 1994, the court granted Federated summary judgment on all but one of Mrs. Torre's common law claims: her breach of employment contract claim. Since she was not entitled to a jury trial on her federal claims, the court split them from her contract claim. On October 4, 1994, a jury found that Federated breached the contract and awarded Mrs. Torre $320,000. Federated challenges the legal and factual bases for the verdict. The court has examined the parties' memoranda, reviewed the relevant law, and is ready to rule.

## II. DISCUSSION

In the original employment contract, Federated assigned Mrs. Torre the right to market its products throughout all of Shawnee County, Kansas. It later removed from her territory assignment that part of Shawnee County outside the city limits of Topeka. Mrs. Torre claimed that Federated breached the contract when it made this unilateral modification. The jury agreed; it awarded her past and future damages. Federated argues that the jury's verdict is unsupported by the relevant evidence and based on legal error. Federated requests judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 or, in the alternative, new trial pursuant to Rule 59.

### A. Judgment as a Matter of Law

 Federated moves for judgment as a matter of law pursuant to Rule 50(b). Rule 50(b) provides, in part, as follows:

[w]henever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal question raised by the motion. . . . If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to

stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law.

A district court may grant a Rule 50(b) motion "only if the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.) (quoting *Zimmerman v. First Fed. Sav. & Loan Ass'n*, 848 F.2d 1047, 1051 (10th Cir.1988)), *cert. denied*, 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). "[T]he court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of the witnesses or substitute its judgment for that of the jury." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir.1988) (internal quotations omitted). In short, judgment as a matter of law is proper only when "the evidence so strongly supports an issue that 'reasonable minds could not differ.'" *Id.* (quoting *Ryder v. City of Topeka*, 814 F.2d 1412, 1418 (10th Cir.1987)).

Federated argues it is entitled to judgment as matter of law for the following three reasons: (1) there was insufficient evidence to support the jury's verdict; (2) Mrs. Torre's claim was barred by waiver and estoppel; and (3) the contract unambiguously authorized Federated to reduce its Marketing Representatives' assigned territories unilaterally and without their consent.

■ First, Federated argues it is entitled to judgment as a matter of law because there was no legally sufficient evidence to support Mrs. Torre's contract claim. Its argument is, essentially, a general attack on the sufficiency of the evidence. In that Federated has made a general challenge to the sufficiency of the evidence, the court has conducted a general review of the exhibits and the court's notes of the testimony. There was a considerable amount of evidence admitted at trial regarding Federated's unilateral modification and the value of the territory Mrs. Torre lost access to as a result of that modifi-

cation. The quantity of evidence before the jury regarding breach and damages easily surpassed a mere scintilla. Viewing the evidence in the light most favorable to Mrs. Torre, the court is unable to find that it points but one way and is susceptible to no reasonable inference supporting her claim. The court concludes, therefore, that there was sufficient evidence for the jury to find for Mrs. Torre and award her $320,000 in damages.

■ Second, Federated argues Mrs. Torre's claim is barred by waiver and estoppel.[1] More specifically, Federated argues Mrs. Torre waived her rights with respect to her initial territory assignment by performing under the contract as modified by the "corrected" assignment. In the alternative, Federated argues that even if she did not waive her rights, she was silent in the face of the breach and is, therefore, estopped from bringing suit. The court disagrees. Although in its cross-motion for summary judgment Federated incidentally discussed the doctrines of waiver and estoppel, Federated failed to press these arguments at trial either (1) in its Rule 50(a) motion or (2) at the hearing on the proposed jury instructions. Federated's silence amounts to an abandonment of these theories.

■ A party may move for judgment as a matter of law at any time before the court submits the case to the jury. Fed.R.Civ.P. 50(a)(2). Federated made such a motion at the close of the evidence. Rule 50(a)(2) states that the motion "shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." If a party moved for judgment as a matter of law before the court submitted the case to the jury, the party may, within ten days after entry of judgment, reassert the motion. Fed.R.Civ.P. 50(b). "The post-verdict motion is actually a renewal of the earlier motion made at the close of the evidence." *Courtney v. Safelite Glass Corp.*, 811 F.Supp. 1466, 1470–71 (D.Kan.1992). The party cannot assert in the post-verdict

---

**1.** In *United American State Bank and Trust Co. v. Wild West Chrysler Plymouth*, 221 Kan. 523, 561 P.2d 792 (1977), the Kansas Supreme Court briefly explained the doctrines of waiver and estoppel.

motion matters not asserted in the motion made at the close of the evidence. *Id.* Although Federated moved for judgment as a matter of law at the close of the evidence, it did not assert waiver or estoppel, but, instead, merely challenged generally the sufficiency of the evidence and argued specifically clerical error. Because the post-trial motion is merely a renewal of the motion made at the close of the evidence, and because new matter cannot be appended to the post-trial motion, Federated may not raise the waiver and estoppel argument now.

Not only did Federated fail to raise its waiver and estoppel arguments in its Rule 50(a) motion, it also failed to raise them at the instructions hearing. Rule 51 states that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." The court instructed the jury generally as to the parties' contentions in the case, Instruction No. 3, and also as to the specific elements of their claims and defenses. Federated neither proposed that the jury be instructed as to its waiver or estoppel theories nor objected to the court's instructions because they did not instruct the jury on either waiver or estoppel nor requested that the verdict form ask the jury to make findings regarding its two theories (specifically with regard to Mrs. Torre's numerous objections to the reduction and the fact that she was given no prospects in Shawnee County).

■■■ Third, Federated argues that the contract unambiguously authorized it to reduce its Marketing Representatives' assigned territories unilaterally and without their consent. Federated concludes that because it could reduce its Marketing Representatives' territories without their consent, it could not be liable for damages here. The court believes Federated misconstrues the contract. Although the territories were not exclusive (for example, Federated could assign more than one Marketing Representative to service the Topeka territory), the contract does not allow Federated to remove a territory without compensating the Marketing Repre-

sentative for the loss. In Mrs. Torre's case, she originally was given the right to operate within all of Shawnee County; Federated later reduced her assignment without compensating her for the reduction. At trial, Federated argued not that she was compensated for the reduction, but that the initial assignment was a clerical error that did not reflect the true agreement. There was a genuine issue whether the reduction was a breach or merely a correction of a clerical error. Accordingly, the court submitted the issue to the jury. The jury found that the original assignment was a breach, not a clerical error.

## B. *New Trial*

■■■ In the alternative, Federated moves for new trial pursuant to Rule 59(a). Rule 59(a) provides, in part, as follows:

> "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...."

The standard applicable to motions for new trial is less stringent than that applied to motions under Rule 50(b). *Megadyne Medical Products v. Aspen Laboratories,* 864 F.Supp. 1099, 1102 (D.Utah 1994), *aff'd* 52 F.3d 344 (10th Cir.1995); *Johnson v. Colt Indus. Operating Corp.,* 609 F.Supp. 776, 779 (D.Kan.1985), *aff'd* 797 F.2d 1530 (10th Cir. 1986). The decision to grant a new trial "involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself." *Tidewater Oil Co. v. Waller,* 302 F.2d 638, 643 (10th Cir.1962). A new trial is not in order unless the court finds that prejudicial error has entered the record or that substantial justice has not been done. *Johnson,* 609 F.Supp. at 779. Accordingly, "[t]he party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir. 1983). "Neither an error in the admission or

exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties." *Courtney,* 811 F.Supp. at 1471.

■ Federated argues that the court allowed prejudicial, irrelevant evidence to go to the jury. More specifically, Federated argues the court erroneously allowed Mrs. Torre to present evidence regarding the allocation of prospects within Topeka and Federated's treatment of Jeff Richardson, Federated's other Marketing Representative in Topeka. Federated contends that this evidence inspired the jury to take into account Mrs. Torre's perceived loss within Topeka instead of only her actual and expected loss in Shawnee County outside of Topeka.

In order to grant a new trial, the alleged error must have affected Federated's substantial rights. Although evidence was presented to the jury regarding some activity within Topeka, the court believes that much was in the nature of background information and not unfairly prejudicial. Additionally, the instructions and verdict form emphasized that the critical issue involved loss related only to the territory outlying Topeka. For example, Instruction No. 3 explains that Mrs. Torre's claim is for "damages as a result of not being able to market insurance in the areas of Shawnee County outside of Topeka." Furthermore, Dr. Gary Baker, Mrs. Torre's economist, provided testimony regarding Mrs. Torre's loss from areas within Shawnee County outlying Topeka. The amount awarded by the jury was well within the loss testified to by Dr. Baker. Therefore, after examining the parties' memoranda, and reviewing the instructions and verdict form given to the jury, the court finds that the evidence to which Federated now objects did not affect its substantial rights.

### III. *CONCLUSION*

The court concludes that there was sufficient evidence to support the jury's verdict and there was no legal error requiring post-trial remedy.

**IT IS BY THE COURT THEREFORE ORDERED** that Federated's motion for judgment as a matter of law or, in the alternative, new trial (Doc. 294) is denied.