Carolyn STEWART, Plaintiff,

v.

SOUTH KANSAS AND OKLAHOMA RAILROAD, INC., Defendant.

No. 97–1214–WEB.

United States District Court,
D. Kansas.

Feb. 3, 1999.

Andrew W. Hutton, Hutton & Hutton, Wichita, KS, Craig R. Oliver, Daniel R. Wichmer, Miller & Sanford, P.C., Springfield, MO, for plaintiff.

Christopher A. McElgunn, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, A.J. Wachter, Wilbert & Towner, P.A., Pittsburg, KS, for defendants.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on defendant South Kansas and Oklahoma Railroad's ("SKOR") motion for new trial. (Doc. 116). Although plaintiff has requested oral argument, the court finds that oral argument would not assist in deciding the issues presented.

### I. Standard Governing Motion for New Trial.

■ Rule 59(a) permits the court to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 566, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). A new trial is not to be granted unless the court finds that prejudicial error has occurred or substantial justice has not been done. *Johnson v. Colt Indus. Operating Corp.,* 609 F.Supp. 776, 779 (D.Kan.1985), *aff'd,* 797 F.2d 1530 (10th Cir.1986). "Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties." *Courtney v. Safelite Glass Corp.,* 811 F.Supp. 1466, 1471 (D.Kan.1992).

### II. Discussion.

■ SKOR first contends the court erred in permitting the jury to consider a theory of negligence *per se* premised on SKOR's alleged violation of a Federal Railroad Administration regulation setting forth maximum train speeds for different classes of track. *See* 49 C.F.R. § 213.9. SKOR argues that this regulation relates to track maintenance standards and has nothing to do with crossing safety or protecting motorists at crossings.

The defendant's argument is questionable in light of *CSX Transportation, Inc. v. Easterwood,* 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), where the Supreme Court discussed this same regulation in the context of preemption. In *CSX,* it was undisputed that the train was traveling below the applicable speed limit in § 213.9(a). The plaintiff nevertheless contended that the railroad had violated a common law duty to operate its train at a safe speed. In that case, the plaintiff argued that the federal regulation did not preempt his state law claim because the regulation had nothing to do with crossing safety. The Court rejected this view, noting:

On their face, the provisions of § 213.9(a) address only the maximum speeds at which trains are permitted to travel given the nature of the track on which they operate. Nevertheless, related safety regulations adopted by the Secretary reveal that the limits were adopted only after the hazards posed by track conditions were taken into account.

*Id.* at 674, 113 S.Ct. 1732. After finding further support for the view that the regulatory speed limits were set with safety concerns in mind, the Court concluded that the regulation preempted any state law that was inconsistent with it because the regulation "should be understood as covering the subject matter of train speed with respect to

track conditions, including the conditions posed by grade crossings." *Id.* at 675, 113 S.Ct. 1732.

█ Under Kansas law, the elements of a claim for negligence per se are: "(1) A violation of a statute, ordinance or regulation, and (2) the violation must be the cause of the damages resulting therefrom." *OMI Holdings, Inc. v. Howell,* 260 Kan. 305, 918 P.2d 1274, 1296 (1996) (*quoting Plains Transp. of Kan., Inc. v. King,* 224 Kan. 17, 25, 578 P.2d 1095 (1978)). "In order for the violation of a statute or ordinance to constitute negligence per se, the statute must be designed to protect a specific group of people, not just designed to protect the general public with incidental consideration given to the protection of a certain group. A statute which is clearly promulgated to provide safety and welfare for the public at large does not impose a duty on the statute violator which is owed to the person injured...." *OMI Holdings,* 918 P.2d at 1296.

Defendant has not shown that the submission of the speed issue on a negligence *per se* theory was improper.[1] The evidence at trial was sufficient to permit a reasonable jury to find that the defendant violated § 213.9 and that the violation was a cause of plaintiff's damages. Moreover, the court concludes plaintiff was within the specific class of persons intended to be protected by this regulation. Defendant's argument that the regulation was not aimed at protecting motorists but was only to protect against such hazards as derailments is unsupported by authority and is unpersuasive. The safety of railroad grade crossings is, in part, a function of train speed, and the safety of crossings was a consideration in the establishment of the speed limits in § 213.9. *See CSX Transportation,* 507 U.S. at 674–75, 113 S.Ct. 1732.

█ Defendant's second contention is that the court erred in admitting the opinion of plaintiff's expert, K.W. Heathington, that the railroad crossing in this case was unusually dangerous. SKOR argues that Heathing-

ton's opinion was "based entirely on highway design standards that are in no way imposed by law or regulation upon SKOR, but rather are applicable to State highway officials when designing new roads or in improving existing roads and grade crossings through the expenditure of federal funds." Def.Mot. at 7.

A central issue underlying plaintiff's claim of negligence in this case was whether the railroad crossing was unusually dangerous. A resolution of that issue required the jury to consider and evaluate a number of technical factors relating to the operation of vehicles and trains, including the ability of a driver to perceive and react to an approaching train under the circumstances present at the crossing. Under the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." Fed.R.Evid. 702. Given Dr. Heathington's experience and training in this area, the court concluded that he was qualified to express an expert opinion as to whether the crossing was unusually dangerous and to explain the reasons for his opinion. The court further concluded that his testimony in this regard would help the jury to determine the issue. SKOR has cited nothing to show that these conclusions were erroneous.

Defendant is correct that the Railroad Grade Crossing Handbook and AASHTO standards cited by Dr. Heathington are not "imposed by law or regulation upon SKOR." Accordingly, the court did not instruct the jury that a violation of such standards constituted negligence *per se.* Given Dr. Heathington's testimony that these standards are used by engineers as a benchmark for assessing the safety of railroad crossings, however, evidence of these standards was admissible to explain the basis of Dr. Heathington's opinion and to help the jury deter-

1. The court found no authority directly on point on this issue. Although plaintiff cites a number of cases in her brief, none of those cases specifically held that a negligence per se claim could be based on a violation of § 213.9. *Cf. Earwood v.*

*Norfolk Southern Railway Co.,* 845 F.Supp. 880, 889 (N.D.Ga.1993) ("Had Defendant violated the speed limit, Plaintiff would have been able to establish negligence per se.")

mine whether SKOR violated a common law duty to provide adequate warning of an unusually dangerous crossing.

Defendant presented its own expert testimony in an attempt to show that the crossing was not unusually dangerous and to rebut Dr. Heathington's assertion that he relied on appropriate standards in forming his opinion. Because Dr. Heathington's testimony met the requirements for admissibility under the Federal Rules of Evidence, it became a question for the jury to determine which of the experts it believed. *Cf. Saliba v. Union Pac. R. Co.*, 264 Kan. 128, 955 P.2d 1189, 1195–96 (1998) (summary judgment was improper in view of expert's opinion that crossing was unusually dangerous) *and Dixon v. Mid–South Rail Corp.*, 580 So.2d 438 (La.Ct.App. 1991) (no reversible error where plaintiff's expert was permitted to state an opinion based on data in Railroad Grade Crossing Handbook). The court instructed the jury that if it found the reasons given in support of any of the expert opinions to be unsound, it could reject those opinions. Under the circumstances, defendant has not shown that the admission of Dr. Heathington's testimony was prejudicial error.

### III. *Conclusion.*

Defendant South Kansas and Oklahoma Railroad's Motion for New Trial (Doc. 116) is hereby DENIED. IT IS SO ORDERED this 3rd day of February, 1999, at Wichita, Ks.